IN THE UNITED STATES DISTRICT COURT )

FOR THE DISTRICT OF NEW MEXICO )

ALBUQUERQUE DIVISION )

SORCHÈ MORGAN, Plaintiff, )

v. )

**COMMUNITY AGAINST VIOLENCE,** )

**ANITA MEDINA, MALINDA WILLIAMS,** )

**CELESTE TRUJILLO,** )

**and DEBBIE CISNEROS**, Defendants. )

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

2023 APR 26 PM 11: 36
Case No.: _____

CLERK-ALBUQUERQUE
(Jury Trial Demanded)

23cv353 JMR

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. INTRODUCTION

Plaintiff Sorchè Morgan, by and through Pro Se, brings this Complaint against Defendants Community Against Violence (CAV), Anita Medina, Malinda Williams, Debbie Cisneros, and Celeste Trujillo (collectively, "Defendants") for workplace discrimination, retaliation, and wrongful termination based on race and disability. In support thereof, Plaintiff alleges as follows:

1. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17; Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117; Section 1981 of Title 42 of the United States Code (42 U.S.C. § 1981); Public Records Act (IPRA), NMSA 1978, §§ 14-2-1 to 14-2-12; New Mexico Human Rights Act (NMHRA); Disabilities Act (ADA); the Rehabilitation Act of 1973; and the New Mexico Occupational Health and Safety Act (NMOSHA).
2. Plaintiff Sorchè is an African American and a person with a mental disability, and is therefore a member of a protected class under federal and state law.
3. Plaintiff seeks relief for Defendants' discrimination, retaliation, unsafe working conditions, and failure to accommodate disability-related needs, resulting in emotional distress, financial harm, and adverse impact on Plaintiff's mental and physical health.

### II. PARTIES

1. Plaintiff, Sorchè Morgan, is a resident of the New Mexico, Taos County, New Mexico.
2. Defendant, Community Against Violence, is a New Mexico corporation, doing business in New Mexico.

3. Defendant, Melinda Williams, is an individual, who, at all relevant times, was an employee, supervisor, and/or agent of Defendant Community Against Violence.
4. Defendant, Anita Medina, is an individual, who, at all relevant times, was an employee, supervisor, and/or agent of Defendant Community Against Violence.
5. Defendant, Debbie Cisneros, is an individual, who, at all relevant times, was an employee, supervisor, and/or agent of Defendant Community Against Violence.
6. Defendant, Celeste Trujillo, is an individual, who, at all relevant times, was an employee, supervisor, and/or agent of Defendant Community Against Violence.

## III. JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§ 1331 and 1343(a).
2. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.
3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District, and Defendants reside or do business within this District.

## IV. FACTUAL ALLEGATIONS

Claim 1: Hostile Workplace and Discrimination

1. Plaintiff was employed by the organization and received a policy handbook ensuring a discrimination-free workplace.
2. Plaintiff experienced taunting from defendant Anita Medina, which escalated to differential treatment compared to non-African American coworkers.
3. Defendant Anita Medina made humiliating comments about plaintiff's attire and unfairly attributed blame for various issues, including the pandemic.
4. Defendant Malinda Williams mocked plaintiff by insinuating that they were a personal tea servant, further contributing to the hostile work environment.
5. On June 16, 2020, defendants Anita Medina and Malinda Williams pressured plaintiff to purchase $1,500 worth of Wal-Mart gift cards to go towards unused grant funds, stating "Not many people have $1500 in their account," and using plaintiff's personal bank account, causing financial stress (bank statements provided as evidence).
6. Defendants' harassing and discriminatory behavior caused plaintiff emotional distress, humiliation, and financial harm.

Claim 2: Workplace Discrimination, Retaliation, and Failure to Accommodate Disability-Related Needs

1. In March 2020, plaintiff was assigned additional responsibilities when the organization implemented COVID protocols and remote work.
2. On May 13, 2020, plaintiff had an adverse reaction to a nasal COVID test due to childhood trauma, which was witnessed by HR representative Debbie Cisneros.

3. Plaintiff requested a cheek swab test as an accommodation, which was acknowledged by defendant Malinda Williams during a staff meeting.
4. In July 2020, plaintiff faced harassment from defendants Malinda Williams and Anita Medina, who called repeatedly, threatening job loss if plaintiff could not find a cheek swab test and indicating that plaintiff's anxiety was not a valid concern.
5. Plaintiff was threatened with job loss if they failed to find a cheek swab test on their own time and expense, while other non-African American coworkers received more accommodating treatment.
6. Defendants Malinda Williams, Anita Medina, and Debbie Cisneros cornered the plaintiff at the testing site, denied the availability of cheek swab tests, and publicly discussed the plaintiff's disability without engaging in an interactive process.
7. Defendants' discriminatory treatment caused plaintiff emotional distress and fear of job loss.

Claim 3: Continued Workplace Discrimination and Retaliation

1. Plaintiff shared ideas for a Radiothon event, which were well-received by Malinda Williams and Liz Rodriguez, leading to a presentation for board members.
2. On July 24, 2020, Malinda Williams aggressively accused plaintiff of not obtaining supervisor permission for the presentation, despite prior communication and approval.
3. Plaintiff experienced a panic attack due to the hostile interaction, leading to a meeting with Malinda Williams, Anita Medina, and Debbie Cisneros, where plaintiff expressed feelings of discrimination and mistreatment.
4. On July 25, 2020, Anita Medina called plaintiff, warning them not to enter the office, claiming there was a machine inside that could kill them, causing paranoia and panic.
5. During a July 27, 2020 meeting with HR representative Debbie Cisneros, plaintiff expressed concerns about discrimination and anxiety triggers but was met with attempts to shift blame onto plaintiff.
6. On July 28, 2020, plaintiff discovered emails from HR representative Debbie Cisneros, given permission to Anita Medina and Malinda Williamss that they could rephrase or reword what happen on supervisory report and falsely reported that plaintiff was being disrespectful causing harm to plaintiffs character and job reputation.
7. Upon returning to the office on July 30, 2020, plaintiff found their belongings tampered with, job duties reassigned without notice, and colleagues no longer speaking to them.
8. Plaintiff's attempts to initiate a grievance process were met with uncooperative behavior and ineffective communication from defendants.
9. Defendants' harassing, discriminatory, and retaliatory behavior caused plaintiff emotional distress.

Claim 4: Workplace Discrimination, Retaliation, and Adverse Impact on Mental and Physical Health

1. On July 30, 2020, Dr. Pamela Remstein, a long-time friend of the plaintiff, informed the plaintiff of potential negative consequences if they did not take a layoff and letter of recommendation from CAV, causing further distress.

2. On July 31, 2020, plaintiff's office belongings were removed, and they were locked out of their computer and office, leading to a week-long leave for mental health recovery.
3. During the leave, plaintiff experienced severe panic attacks, weight loss, and was prescribed medication for the first time in their life and also started therapy.
4. On August 7, 2020, plaintiff received a formal written warning via email and was informed of a change in their supervisor and work location, leading for plaintiff to request for a meeting for due process on August 10, 2020, which was denied.
5. On August 10, 2020 plaintiff requested formal accommodation, providing all necessary documentation, to address the impact of the defendants' actions on their mental and physical health.
6. Defendants' discriminatory and retaliatory behavior caused adverse impact on plaintiff's mental and physical health.

Claim 5: Continued Workplace Discrimination, Retaliation, and Lack of Due Process

1. In mid-September 2020, plaintiff underwent mediation with defendants Debbie Cisneros, Malinda Williams, and Anita Medina, during which defendants were dishonest and portrayed the plaintiff negatively.
2. Plaintiff's initial complaint was dismissed by board members due to the absence of specific legal language, despite the presentation of relevant evidence.
3. In September 2020, plaintiff makes a written request to view employee files and was only given a limited copy of files, not including prior complaints or grievances and told employee would not be able to access files again.
4. Plaintiff's communications within the organization were monitored by Malinda Williams and Debbie Cisneros, causing further distress.
5. In October 26, 2020, plaintiff filed an EEOC complaint against the organization and continued working with a new supervisor, Celeste Trujillo, while seeking therapy and participating in school activities for mental health improvement.
6. Plaintiff complied with requirements set by the new supervisor, including notifying her of any out-of-county travel for school activities.
7. Defendants' continued discrimination, retaliation, and lack of due process caused ongoing emotional distress and anxiety by inducing a longer work schedule. Plaintiff went from working 6 days a week to 6 days a week without advanced notification, violating plaintiffs accommodation request after filing EEOC complaint.

Claim 6: Ongoing Workplace Discrimination, Retaliation, and Violation of Accommodations

1. In November 2020, the plaintiff was transferred to the thrift store without prior notification, where their request for accommodation and concerns about thrift store safety and COVID protocols were ignored.
2. While working at the thrift store, the plaintiff experienced increased anxiety and felt harassed, discriminated against, and retaliated against due to treatment by Malinda Williams, Debbie Cisneros, and other staff members.
3. On November 10, 2020, plaintiff was subject to inappropriate comments by maintenance staff member Mark Martinez, allegedly following a call from Debbie Cisneros. HR denied the incident occurred when reported.

4. On November 10, 2020, the plaintiff requested a severance package offer. On November 20, 2020, CAV organization's lawyer offered a counter offer, with conditions to drop the EEOC claim, workers' comp, and to never work with the organization or their business partners in Taos again. Plaintiff rejected the offer due to inadequate compensation and the potential consequences of accepting it.
5. Defendants' continued harassment, discrimination, retaliation, and violation of accommodations after filing the EEOC complaint caused further emotional distress and anxiety.

Claim 7: Racial Discrimination, Retaliation, and Wrongful Termination

1. Plaintiff Sorchè faced worsening working conditions at the thrift store from November 10, 2020, to December 11, 2020, experiencing increased anxiety and feeling pushed out of the organization.
2. On December 7, 2020, the plaintiff requested to file a formal complaint, but Malinda Williams informed them that no policy book was in place, delaying the complaint process.
3. Plaintiff was isolated from other staff members, subjected to unfavorable scheduling, and denied explanations or accommodations, while other non-African American employees were treated differently.
4. On December 11, 2020, plaintiff received a text via text message from Debbie Cisneros and received a termination email from Debbie Cisneros and was immediately locked out of all work accounts without due process.
5. Plaintiff's unemployment claim was denied due to CAV's allegation of work refusal, contrary to satisfactory employee supervisory reports from Anita Media and Celeste Trujillo.
6. Plaintiff discovered disparities in the treatment of terminated African American employees compared to terminated Caucasian employees, such as differences in unemployment benefit access and the nature of the employees' terminations.
7. Defendants' alleged racial discrimination, harassment, retaliation, and wrongful termination without due process caused emotional distress, financial hardship, and harm to personal and professional life.

## V. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on October 26, 2020, amended on February 8, 2023.

B. The Equal Employment Opportunity Commission has issued a Notice of Right to Sue letter issued a Notice of Right to Sue letter, which I received on February 10, 2023.

## VI. CLAIMS FOR RELIEF

**COUNT I** - Hostile Workplace and Discrimination

1. Plaintiff, Sorchè, alleges that defendants Anita Medina and Malinda Williams created a hostile work environment by subjecting plaintiff to harassment and differential treatment based on their race, in violation of Title VII of the Civil Rights Act of 1964, as amended.
2. Plaintiff further alleges that defendants' conduct caused emotional distress and financial harm, entitling plaintiff to relief. Relief Sought: Compensatory damages for emotional distress and financial harm caused by defendants' discriminatory and harassing conduct, as well as injunctive relief to prevent further discrimination and harassment.

**COUNT II** - Failure to Accommodate Disability

1. Plaintiff, Sorchè, alleges that defendants Malinda Williams, Anita Medina, and Debbie Cisneros failed to accommodate plaintiff's disability-related needs, specifically by denying plaintiff's request for a cheek swab test as an accommodation for a nasal COVID test due to childhood trauma, in violation of the Americans with Disabilities Act (ADA).
2. Plaintiff further alleges that defendants' conduct caused emotional distress and fear of job loss, entitling plaintiff to relief. Relief Sought: Compensatory damages for emotional distress caused by defendants' failure to accommodate plaintiff's disability-related needs, as well as injunctive relief to require defendants to accommodate plaintiff's disability-related needs.

**COUNT III** - Retaliation

1. Plaintiff, Sorchè, alleges that defendants Malinda Williams, Anita Medina, and Debbie Cisneros retaliated against plaintiff for expressing concerns about discrimination and mistreatment in the workplace, in violation of Title VII of the Civil Rights Act of 1964, as amended.
2. Plaintiff further alleges that defendants' conduct caused emotional distress, entitling plaintiff to relief. Relief Sought: Compensatory damages for emotional distress caused by defendants' retaliatory conduct, as well as injunctive relief to prevent further retaliation.

**COUNT IV** - Adverse Employment Actions

1. Plaintiff, Sorchè, alleges that defendants Malinda Williams, Anita Medina, and Debbie Cisneros took adverse employment actions against plaintiff, including but not limited to, reassignment of job duties, negative performance evaluations, and wrongful termination, in violation of Title VII of the Civil Rights Act of 1964, as amended.
2. Plaintiff further alleges that defendants' conduct caused emotional distress and adverse impact on mental and physical health, entitling plaintiff to relief. Relief Sought: Compensatory damages for emotional distress and adverse impact on mental and physical health caused by defendants' adverse employment actions, as well as injunctive relief to prevent further discrimination and retaliation.

**COUNT V** - Continued Discrimination, Retaliation, and Lack of Due Process

1. Plaintiff, Sorchè, alleges that defendants Malinda Williams, Anita Medina, and Debbie Cisneros continued to discriminate against plaintiff and engage in retaliatory conduct, as

    well as deny plaintiff due process, in violation of Title VII of the Civil Rights Act of 1964, as amended.
2. Plaintiff further alleges that defendants' conduct caused ongoing emotional distress and anxiety, entitling plaintiff to relief. Relief Sought: Compensatory damages for ongoing emotional distress and anxiety caused by defendants' continued discrimination, retaliation, and lack of due process, as well as injunctive relief to prevent further discrimination and retaliation.

**COUNT VI** - Violation of Accommodations and Retaliation After Filing EEOC Complaint

1. Plaintiff, Sorchè, alleges that defendants Malinda Williams, Anita Medina, and Debbie Cisneros violated plaintiff's accommodations and engaged in retaliatory conduct after plaintiff filed an EEOC complaint, in violation of the Americans with Disabilities Act (ADA) and Title VII of the Civil Rights Act of 1964, as amended.
2. Plaintiff further alleges that defendants' conduct caused ongoing emotional distress and anxiety, entitling plaintiff to relief. Relief Sought: Compensatory damages for ongoing emotional distress and anxiety caused by defendants' violations of accommodations and retaliatory conduct, as well as injunctive relief to require defendants to provide appropriate accommodations and prevent further retaliation.

**COUNT VII** - Racial Discrimination, Retaliation, and Wrongful Termination

1. Plaintiff, Sorchè, alleges that defendants Malinda Williams, Anita Medina, and Debbie Cisneros engaged in racial discrimination, retaliation, and wrongful termination, in violation of Title VII of the Civil Rights Act of 1964, as amended.
2. Plaintiff further alleges that defendants' conduct caused emotional distress, financial hardship, and harm to personal and professional life, entitling plaintiff to relief. Relief Sought: Compensatory damages for emotional distress, financial hardship, and harm to personal and professional life caused by defendants' racial discrimination, harassment, retaliation, and wrongful termination, as well as injunctive relief to prevent further discrimination and retaliation.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

a. Enter judgment in favor of Plaintiff and against Defendants;

b. Award Plaintiff compensatory damages in the amount of $500,000 for severe emotional distress, mental anguish, and harm to reputation;

c. Award Plaintiff economic damages in the amount of $57,000 for medical expenses, loss of income and educational opportunities, and denied unemployment benefits;

d. Award Plaintiff punitive or exemplary damages in the amount of $200,000 for the defendant's willful, malicious, and reckless conduct, as well as for deterrence and to send a message against discrimination;

e. Grant Plaintiff injunctive relief, and/or any other appropriate relief;

f. Award Plaintiff attorney's fees, costs, and expenses as allowed by law;

g. Award Plaintiff pre-judgment and post-judgment interest; and

h. Grant Plaintiff such other and further relief as this Court deems just and proper.

## VIII. DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**For Parties Without an Attorney**
I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 4-26-23
Signature of Plaintiff: [signature]
Printed Name of Plaintiff: Sorchè Morgan

Name: Sorchè Morgan
Street Address: 1335 Paseo Del Pueblo Sur 205
City and County: Taos, Taos County
State and Zip Code: New Mexico, 87571
Telephone Number: (310)994-5788
E-mail Address: patientpear90@gmail.com



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Houston District Office**
1919 Smith Street, 6th Floor
Houston, TX 77002
(346) 327-7700
Website: www.eeoc.gov

## **DETERMINATION AND NOTICE OF RIGHTS**
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 02/10/2023

**To:** Miss Sorche A. Morgan
1335 Paseo Del Pueblo Sur 205
TAOS, NM 87571

Charge No: 543-2020-00823

EEOC Representative and email:   LETICIA FLORES
Investigator
Leticia.Flores@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 543-2020-00823.

On behalf of the Commission,

Digitally Signed By:Rayford O. Irvin
02/10/2023

Rayford O. Irvin
District Director

EEOC Form 5 (11/09)

|  | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| **AMENDED CHARGE OF DISCRIMINATION** <br> This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC <br> FEPA | 543-2020-00823 |

Texas Workforce Commission Civil Rights Division                      and EEOC
_State or local Agency, if any_

| Name (indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.) | Home Phone | Year of Birth |
|---|---|---|
| Miss Sorche A. Morgan | (310) 994-5788 | |

Street Address

1335 Paseo Del Pueblo Sur 205

TAOS, NM 87571

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| COMMUNITY AGAINST VIOLENCE, INC. | 15 - 100 Employees | (575) 758-8082 |

Street Address

945 Salazar RD

Taos, NM 87571

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address                    City, State and ZIP Code

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| Disability, Race, Retaliation | Earliest: 07/01/2020    Latest: 12/11/2020 <br><br> Continuing Action |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am writing to amend my previously filed charge of discrimination with the EEOC. I wish to amend my original charge filed against the Respondent on October 26, 2020, to add that I experienced retaliation after filing EEOC complaint, asking for accommodations, and was wrongfully terminated from my position of Administrative Assistant on December 11, 2020. I was displaced from my position on October 28, 2020, to thrift store at different location. My work schedule was also changed from working 5 days a week to 6 days, with no set schedule or clear reason why. I requested accommodations to have my schedule revised and it was denied. On this same day, my other non-African American co-workers were able to choose to their work schedule. No one was allowed to switch hours with me. I believe that this change in schedule was made in retaliation for my having filed an EEOC complaint and request for accommodations due to disability. This action resulted in a significant harm to my mental health and career. On November 12, I made a complaint to Debbie Cisneros in HR about the unsafe work conditions in the thrift store. The conditions were worse each day with exit doors being blocked by clutter, making it difficult to evacuate in the event of an emergency. This created an unsafe work environment and was a source of significant stress and anxiety for me. On December 7, 2020, I made a formal complaint that I felt discriminated against and continued retaliation as I notice that I was being treated differently than my non-African American co-workers and requested a grievance for

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. <br><br> Digitally Signed By: Miss Sorche A. Morgan <br> 02/08/2023 <br><br> _Charging Party Signature_ | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT <br><br> SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

Page 1 of 3

EEOC Form 5 (11/09)

| AMENDED CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br><br>EEOC<br><br>FEPA | Agency(ies) Charge No(s):<br><br>543-2020-00823 |
|---|---|---|
| Texas Workforce Commission Civil Rights Division<br>*State or local Agency, if any* | | and EEOC |

harassment, retaliation, and discrimination. I was told by Malinda Williams that there was not an active policy book. On December 11, 2020, I received a text message from Debbie Cisneros in HR that said she sent me an important letter in my email for my termination letter. These incidents occurred on the dates above and involved Malinda Williams, Anita Medina, Debbie Cisneros, and Celeste Trujillo.

I believe that these incidents are part of a pattern of retaliation for filing formal complaint and EEOC complaint and discrimination based on race and disability. I believe that I have been discriminated against because of my race (Black), and retaliated against, in violation of Title VII of the Civil Rights Act of 1964, as amended. In addition, I believe I have been discriminated and retaliated against due to my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Miss Sorche A. Morgan**<br>**02/08/2023**<br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

EEOC Form 5 (11/09)

| | | |
|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | **Charge Presented To:**<br>☐ FEPA<br>☒ EEOC | **Agency(ies) Charge No(s):**<br>543-2020-00823 |

**NEW MEXICO DEPT OF WORKFORCE SOLUTIONS, HUMAN RIGHTS BUREAU** and EEOC

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| MISS SORCHE A MORGAN | (310) 994-5788 | |

Street Address: 1335 PASEO DEL PUEBLO SUR 205, TAOS, NM 87571

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| COMMUNITY AGAINST VIOLENCE, INC. | 15 - 100 | (575) 758-8082 |

Street Address: 945 SALAZAR RD, TAOS, NM 87571

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address: 

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 07-01-2020   Latest: 10-26-2020

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>**SIGNATURE OF COMPLAINANT** |
| **Digitally signed by Sorche Morgan on 10-26-2020 06:47 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>543-2020-00823 |
|---|---|---|

**NEW MEXICO DEPT OF WORKFORCE SOLUTIONS, HUMAN RIGHTS BUREAU** and EEOC

*State or local Agency, if any*

I was hired on or about January 2020, as an Administrative Assistant.

On or about July 9, 2020, I requested an accommodation for COVID testing due to my disability that I was told that was available from my employer. The next day I was told by my supervisor that the accommodation was no longer an option and that I needed to take the test and if I wanted to the accommodation that I would have to seek it out myself and pay for it. If the accommodation was outside of the area I would have to quarantine of two weeks and with no guarantee to keep my position. I found a local option that would accommodate me for testing the next day. On or about July 16, 2020, I was notified that I would only work in the office for 12 hours a week. From that point on I have been subjected to comments from my supervisor and the director that make me fear losing my position. I also have been subjected to different terms and conditions of employment than my non-Black coworkers. This treatment has included but not limited to, not given the same options to telework as other employees, being accused of not going above my supervisor, and working outside of my job duties. On or about July 27, 2020, I made a complaint to the Human Resources Representive regarding the negative treatment that I have been subjected to. On or about July 28, 2020, I saw emails from Human Resources to my supervisor and director to asking if they would like to reword my complaint and another email to reassign my duties to another employee. The same day, I requested from my supervisor, the director and the board to engage in the grievance process and take a week off from work. In retaliation, I have had my personal items searched through, my job duties taken away, moved to an isolated location and written up.

I believe that I have been discriminated against because of my race (Black), and retaliated against, in violation of Title VII of the Civil Rights Act of 1964, as amended. In addition, I believe I have been discriminated and retaliated against due to my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Sorche Morgan on 10-26-2020 06:47 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |