IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SORCHE MORGAN,

     **Plaintiff,**

                                  **23-cv-353 WPJ/JMR**

COMMUNITY AGAINST VIOLENCE,
ANITA MEDINA, MALINDA WILLIAMS,
CELESTE TRUJILLO, and DEBBIE CISNEROS,

     **Defendants.**

**DEFENDANTS' OPPOSED FED. R. CIV. P. 12(B)(1) AND
12 (B)(6) MOTION TO DISMISS & SUPPORTING MEMORANDUM**

     Come now Defendants with the following Fed. Civ. P. 12 Motion to Dismiss a number of the legal claims asserted in Plaintiff's Complaint. As will be further specified, some claims should be dismissed without prejudice, while others must be dismissed with prejudice because of fundamental deficiencies for which amendment would be futile. The Motion, which Plaintiff indicates is opposed pursuant to D.N.M. LR-Civ. 7.1(a) based on her belief in the propriety of every legal claim asserted, should be granted.

**I.   INTRODUCTION**

     On April 26, 2023, pro se Plaintiff filed her "Complaint for Employment Discrimination" [doc. 1] and named as Defendants her former employer, Community Against Violence ("CAV"), and four (4) individuals who served as employees at CAV during Plaintiff's tenure with the organization. In introductory Paragraph 1, Plaintiff contends that she is bringing suit to redress violations of the following federal and state statutes: (1) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"); (2) the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA"); (3) 42 U.S.C. § 1981 ("Section 1981"); (4) the New

Mexico Inspection of Public Records Act, NMSA 1978, §§ 14-2-1 to 14-2-12 (2023) ("IPRA"); (5) the New Mexico Human Rights Act, NMSA 1978, § 28-1-1 *et seq*. (2023) ("NMHRA"); (6) the Rehabilitation Act of 1973, 28 U.S.C. § 701 *et seq.* ("Rehabilitation Act"); and (7) the New Mexico Occupational Health and Safety Act, NMSA 1978, §§ 50-9-1 to 50-9-25 (1993) ("NMOSHA").

Having initially ignited a statutory flurry, the remainder of the complaint never again mentions Section 1981, IPRA, NMHRA, the Rehabilitation Act or NMOSHA.[1] *See Complaint, pp.2-8*. Instead, in Counts I-VII, Plaintiff only invokes Title VII and the ADA as the legal bases for her claims. Regardless, Plaintiff contends, in varying degrees and in multiple ways, that Defendants discriminated and retaliated against her on account of her race and disability, and for engaging in protected activity.  She seeks a full panoply of relief, including lost wages, emotional distress, medical expenses, punitive damages, and attorney's fees and costs, as well as injunctive relief.

## II.  GENERAL LEGAL STANDARDS

### A.  Fed. R. Civ. P. 12(b)(6) failure to state a claim.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A claim is plausible when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

---

[1] As an alternative basis for dismissal outside of the present legal ruminations, Defendants respectively request dismissal, without prejudice, of these four (4) statutory claims for Plaintiff's failure to properly plead, and incorporate, them into the seven (7) counts actually asserted in the complaint.

Under Rule 12(b)(6), the should Court accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019). However, the Court "will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). Although a complaint need not contain "detailed factual allegations," it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Moreover, if factual allegations in a complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik*, 671 F.3d at 1191.

**B. Subject Matter Jurisdiction.**

Fed. R. Civ. P. 12(b)(1) of the Federal Rules of Civil Procedure empowers a court to dismiss a complaint for a lack of jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1); *Moody v. Dollar Tree Store* 2967, 2019 U.S. Dist. LEXIS 123027, at *6 (D.N.M. July 24, 2019) (dismissing, without prejudice, NMHRA claims for lack of subject matter jurisdiction). When making a Rule 12(b)(1) motion, a party may go beyond the allegations in the complaint to challenge the facts upon which jurisdiction depends by relying on affidavits or other evidence properly before the court without converting the motion into one pursued under Fed. R Civ. P. 56. *See New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir.1995); *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir.1995). Facial attacks are similarly available under 12(b)(1).

### C.  Pro Se Litigants.

A pro se litigant's pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Thus, a complaint that can reasonably be read to state a valid claim should suffice despite the plaintiff's "unfamiliarity with pleading requirements," although it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id*. Also, pro se litigants should be given reasonable opportunity to correct deficient pleadings, where possible. *Id*. at 1110 n.3. Accordingly, dismissal of a pro se complaint under Rule 12(b)(6) "is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr*., 165 F.3d 803, 806 (10th Cir. 1999).

### III.     ARGUMENT

For purposes of convenience, and to afford pro se Plaintiff the appropriate principles of charity and faithfulness to govern her complaint, Defendants will endeavor to travel through each statute asserted in the opening paragraph of the complaint to argue why dismissal is warranted, and whether it should be with or without prejudice.

### A.  Dismissal of a number of Plaintiff's Title VII Claims is warranted.

In her complaint, Plaintiff contends that Defendants violated Title VII by creating a hostile work environment, discriminating against her on account of race in making discrete, employment actions (including termination), and retaliating against her for engaging in protected activity.

Title VII provides a cause of action against employers who "discriminate against any individual with respect to [their] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin," 42 U.S.C. § 2000e-2(a)(1), or "who retaliate against a person for opposing an unlawful employment practice, id. § 2000e-3(a)." *Hannah v. Cowlishaw*, 628 F. App'x 629, 632 (10th Cir. 2016).

        *i.   Individually named Defendants are entitled to dismissal, with prejudice.*

However the Court construes Plaintiff's complaint, individual employees and supervisors cannot be held liable for claims brought under Title VII. *Williams v. W.D. Sports, N.M.,* Inc., 497 F.3d 1079, 1083 n.9 (10th Cir. 2007) ("Under long-standing [Tenth] [C]ircuit precedent, supervisors and other employees may not be held personally liable under Title VII."); *Haynes v. Williams,* 88 F.3d 898, 899 (10th Cir. 1996) ("The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act."); *Carpenter v. N.M., Dep't of Corr.,* No. CV 10-0112 JB/WDS, 2010 U.S. Dist. LEXIS 54234, at *30 (D.N.M. May 26, 2010) (same). Accordingly, the four individually named Defendants must be dismissed, with prejudice, on all of Plaintiff's Title VII claims, namely Counts I, III-VII.

        *ii.   Plaintiff's Title VII hostile work environment claim against CAV should be dismissed, without prejudice.*

Under Title VII, an employer may be liable for creating or permitting a hostile work environment when an employee can show "that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Sandoval v. Boulder Reg'l Communs. Ctr.*, 388 F.3d 1312, 1327 (10th Cir.

2004). The plaintiff must prove the treatment stemmed from racial animus and that the employer was responsible because it failed to remedy a hostile work environment of which it knew or should have known. *Tademy v. Union Pac. Corp.,* 614 F.3d 1132, 1139 (10th Cir. 2008). A plaintiff alleging a racially hostile work environment must show "a steady barrage of opprobrious racial comment," since "general torment and taunting if not racially discriminatory are not actionable." *Bolden v. PRC Inc.,* 43 F.3d 545, 551 (10th Cir. 1994) (internal quotation marks omitted).

Even construing the complaint in a favorable light, *Iqbal/Twombly* compels dismissal of Plaintiff's hostile work environment claim against CAV at this stage, without prejudice. *See e.g. Bobelu-Boone v. Wilkie,* 526 F. Supp. 3d 971, 983-84 (D.N.M. 2021) (dismissing plaintiff's hostile work environment claim for failing to state plausible hostile work environment claim on the basis of race).

First, undefined and unexplained "taunting" about attire and "blame;" a "tea servant" comment; purchasing a Wal-Mart gift card; lack of advance notice to conduct a Board of Director's presentation; undefined and unexplained comments by another co-worker; rewording of a confidential document by Human Resources; communication of an apparent "machine that could kill them;" and other sundry allegations scattered throughout the complaint, do not suggest either severe or pervasive conduct, let alone conduct that sufficiently altered the working conditions to give rise to a viable claim of hostile work environment. *See e.g. Complaint, Claim 1, ¶¶ 1-6; Claim 3, ¶¶ 1-9.*

Second, Plaintiff has nowhere attempted to plead, outside of a few conclusory references, that any of the conduct arose from *racial* animus, either in isolation or in the aggregate. *See Bobelu-Boone*, 526 F. Supp. 3d at 983-84 (conclusory statements, without

tying into a legally protected basis, did not satisfy 12(b)(6) standard).  Plaintiff may be able to repair these deficiencies, but currently she has not done enough to nudge the Title VII hostile work environment claim past judicial scrutiny.

> iii.  *Plaintiff's Title VII claims against CAV that post-date Plaintiff's October 26, 2020 initial charge of discrimination must be dismissed for failure to exhaust.*

"Title 42 U.S.C. § 2000e-5(e)(1) is a charge filing provision that specifies with precision the prerequisites that a plaintiff must satisfy before filing suit." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) (internal quotation marks omitted) (quoting *Alexander v. Gardner-Denver Co*., 415 U.S. 36, 47 (1974)). Under 42 U.S.C. § 2000-e5(e)(1), an employee must file a charge within one hundred and eighty days (or three hundred days in a "deferral state" like New Mexico; *see* NMSA 1978, § 28-1-10(a) (2023)) after the alleged unlawful employment practice occurred. Otherwise, "[a] plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue-letter." *Foster v. Ruhrumpen, Inc*., 365 F.3d 1191, 1194 (10th Cir. 2004) (internal quotation marks and citation omitted).

In *National R.R. Passenger Corp. v. Morgan*, the United States Supreme Court considered whether, and under what circumstances, a Title VII plaintiff may include events that fall outside the statutory time period in a court action. 536 U.S. at 109-115. The *Morgan* Court confirmed that "a Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts must file his charge within the appropriate time period." *Id*. at 122. More specifically, the Court held that "each discrete incident of [discriminatory or retaliatory] treatment constitutes its own 'unlawful employment

practice' for which administrative remedies must be exhausted." *Martinez v. Potter*, 347
F.3d 1208, 1210 (10th Cir. 2003) (citing *Morgan,* 536 U.S. at 110-13). In *Martinez*, the
Tenth Circuit explained the mandatory exhaustion requirement as follows:

> In *Morgan*, this rule applied to bar a plaintiff from suing on claims for which no
> administrative remedy had been sought, when those incidents occurred more than
> 300 days prior to the filing of the plaintiff's EEO complaint. *The rule is equally
> applicable, however, to discrete claims based on incidents occurring after the
> filing of Plaintiff's EEO complaint.* (emphasis added).

347 F.3d at 1210-11. "Thus, where discrete incidents of discrimination occur after an
employee files an initial EEOC charge, the employee must file an additional or amended
charge with the EEOC to satisfy the exhaustion requirement as to discrete incidents
occurring after the initial charge." *Lincoln v. BNSF Ry. Co*., 900 F.3d 1166, 1181 (10th
Cir. 2018) (citing *Martinez*, 347 F.3d at 1210).

    As part of Plaintiff's attempt to demonstrate compliance with the exhaustion
requirements set forth in Title VII, including the timely filing of her lawsuit, Plaintiff
attached the following documents to her complaint: (1) her October 26, 2020 Charge of
Discrimination that was dually filed with the Equal Employment Opportunity
Commission and the New Mexico Human Rights Bureau, in which Plaintiff alleges
discriminatory and retaliatory conduct; and (2) her amended February 8, 2023 Charge of
Discrimination that was dually filed with the EEOC and the Texas Workforce
Commissions, Civil Rights Division, in which Plaintiff alleges discriminatory and
retaliatory conduct post-dating her October 26, 2020 charge, including, but not limited to,
purported displacement of her position, a work schedule change, and termination. Each
event in the latter charge constitutes a discrete act of discrimination/retaliation for which
a new charge must be timely filed. *Martinez,* 347 F.3d at 1210.

"While ordinarily, a motion to dismiss must be converted to a motion for summary judgment when the court considers matters outside the complaint ..., matters that are judicially noticeable do not have that effect...." *Nowell v. Medtronic Inc*., 372 F. Supp. 3d 1166, 1208 (D.N.M. 2019); see also *Spier v. Coloplast Corp*., 121 F. Supp. 3d 809, 811 n. 2 (E.D. Tenn. 2015) (court can take into account "matters of public record" when considering Rule 12(b)(6) motion to dismiss) (citation omitted).

Based on Plaintiff's February 8, 2023 amended charge, Plaintiff clearly did not timely file a charge of discrimination or retaliation under Title VII for any of the discrete events set forth therein within three hundred days of their occurrence. Instead, she waited well over two (2) years to do so. Under 42 U.S.C. § 2000e-5, *Morgan*, *Martinez* and its progeny, Plaintiff cannot pursue any Title VII discrimination or retaliation claims based on conduct post-dating her initial charge for failure to exhaust timely, thereby necessitating dismissal of Counts IV-VII against CAV for Title VII violations.  *Id.*

Finally, while dismissal might normally be reserved without prejudice, Fed. R. Civ. P. 15 amendment would prove futile given that Plaintiff does not have any legitimate basis to avail herself of any post-*Morgan* circumstance in which exhaustion might be excused. With that said, CAV will defer to the Court on the appropriate preposition to modify the dismissal of the untimely Title VII claims.

**B.  Dismissal of a number of Plaintiff's ADA claims is warranted.**

Title I of the ADA states that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

9

Discrimination under the ADA also includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity[.]" Id. § 12112(b); *Exby-Stolley v. Bd. of Cty. Comm'rs,* 979 F.3d 784, 791 (10th Cir. 2020).  Like Title VII, the ADA's anti-retaliation provision provide legal protections for both opposition and participation activities. 42 U.S.C. § 12203(a); *Foster v. Mt. Coal Co., LLC,* 830 F.3d 1178, 1186 (10th Cir. 2016).

> i. *Individually named Defendants are entitled to dismissal, with prejudice.*

As with Title VII, individual liability does not obtain under the ADA. *See Butler v. City of Prairie Vill.,* 172 F.3d 736, 744 (10th Cir. 1999); *Trujillo v. Rio Aribba Cty. ex rel. Rio Arriba Cty. Sheriff's Dep't,* No. CIV 15-0901 JB/WPL, 2016 U.S. Dist. LEXIS 96797, at *36 (D.N.M. June 15, 2016). The Court should dismiss Plaintiff's ADA claims against the individual defendants, with prejudice.

> ii. *Plaintiff's ADA hostile work environment claim against CAV should be dismissed, without prejudice.*

The Tenth Circuit has recognized that "a hostile work environment is actionable under the ADA." *Lanman v. Johnson County*, 393 F.3d 1151, 1156 (10th Cir.2004); *Okoye v. Perez*, No. 21-105 KG/JFR, 2021 U.S. Dist. LEXIS 224700, at *13 (D.N.M. Oct. 19, 2021).  The elements are the same as those set forth in Section IIIA(ii) governing Title VII claims. *Id*. at *13-14.  Plaintiff's ADA hostile work environment claim should be dismissed for the same reasons as her mirroring Title VII claim should be dismissed. First, she has not identified sufficiently severe or pervasive conduct to show the working

conditions were altered. Second, she has not sufficiently pled incidents reflecting disability animus in the workplace. Dismissal without prejudice is appropriate.

> iii.   *Plaintiff's ADA claims against CAV that post-date Plaintiff's initial October 26, 2020 charge of discrimination must be dismissed for failure to exhaust.*

Like Title VII, Title I of the ADA requires a plaintiff to exhaust her administrative remedies before filing suit. *MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005); 42 U.S.C. § 12117(a). The first step to exhaustion is the timely filing of a charge of discrimination with the EEOC no later than 300 days after the alleged unlawful employment practice occurred. *See Lincoln*, 900 F.3d at 1181 (quoting 42 U.S.C. § 2000e-5(e)(1), which governs ADA enforcement pursuant to 42 U.S.C. § 12117(a)).

For the same reasons set forth in Section IIIA(iii) on Plaintiff's Title VII claims, *supra,* this Court should dismiss all of Plaintiff's ADA discrimination and retaliation claims that post-date her initial October 26, 2020 charge for failure to file a timely charge over those discrete events. 42 U.S.C. § 2000e-5, *Morgan*, and *Martinez, supra*.  This includes the alleged work schedule changes, transfer, and Plaintiff's termination that are set forth in Count VI, as well as any effort in Count II to capture these improperly exhausted acts.

Dismissal should further include the entirely conclusory allegation that CAV failed to make reasonable accommodations (or failed to continue them) for Plaintiff in November/December of 2020. *See Complaint, Claim 6, ¶ 1* (page 4). This is because an "employer's rejection of an employee's proposed accommodation . . . does not give rise to a continuing violation. Rather, the rejection is the sort of 'discrete act' that must be the

subject of a complaint to the EEOC within" the statutory filing period.[2] *Becerra v. EarthLink, Inc*., 421 F. Supp. 2d 1335, 1343 (D. Kan. 2006) (citing *Elmenayer v. ABF Freight Sys., Inc.,* 318 F.3d 130, 134-35 (2d Cir. 2003)); *Sanchez v. City & Cty. of Denver*, No. 1:19-cv-01307-DDD-SKC, 2019 U.S. Dist. LEXIS 191515, at \*13 (D. Colo. Nov. 4, 2019) (adopting reasoning of *Elmenayer* and dismissing for failure to properly and timely exhaust).

> iv.  *Plaintiff's August 10, 2020 allegation for failure to accommodate under the ADA should be dismissed*, with prejudice.

In her Complaint, Plaintiff identifies two (2) other instances, prior to her October 26, 2020 charge, in which she appears to contend that CAV violated the ADA by failing to accommodate her: (1) a May 2020 failure to accommodate for a cheek swab COVID test instead of a nasal swab Covid test (Claim 2, ¶¶ 2-3 (pages 2-3); Count II, ¶1); and (2) an August 10, 2020 request for formal accommodation (Claim 4, ¶5 (page 4).[3]

To state a claim for failure to accommodate under the ADA, a plaintiff must allege facts that show: "(1) "[s]he is disabled"; (2) "she is otherwise qualified"; and (3) "[s]he requested a plausibly reasonable accommodation." *Lincoln,* 900 F.3d at 1204 (internal quotation, alteration, and citation omitted). For purposes of the instant motion, CAV does not dispute that the first incident (albeit untrue) states a claim.  However, the August 10, 2020 cannot support the basis for any ADA claim for two reasons. First,

---

[2] There are additional reasons to dismiss the ADA failure to accommodate claims post-dating Plaintiff's October 26, 2020 charge because Plaintiff has not even identified the accommodation requests, pled that they were reasonable, or pled that they were necessary for her to perform the essential functions of the job.

[3] To be fair, the August 10, 2020 accommodation issue is not included in Count II of Plaintiff's ADA claim for failure to accommodate. *See Complaint at p.6*. However, CAV is taking no chances on whether this is a merely a product of inartful drafting and/or oversight, as the incident is still referenced in the Complaint.

Plaintiff has not pled the requested accommodations, identified their reasonableness, alleged any failure on the part of CAV to provide them, or alleged any were job related. Second, the August 10, 2020 event is nowhere listed in Plaintiff's October 26, 2020 charge of discrimination and therefore should be dismissed for failure to exhaust. *Smith v. Cheyenne Ret. Inv'rs L.P.,* 904 F.3d 1159, 1164 (10th Cir. 2018) (*quoting Jones v. U.P.S., Inc*., 502 F.3d 1176, 1186 (10th Cir. 2007)) ("While we 'liberally construe' the plaintiff's allegations in the EEOC charge, 'the charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim[.]'"). This cannot be cured.

### C. Dismissal, without prejudice, of some of Plaintiff's Section 1981 claims against the individually named defendants is appropriate.

Section 1981 gives "[a]ll persons within the jurisdiction of the United States . . . the same right . . . to make and enforce contracts." 42 U.S.C. § 1981. It thus "prohibits not only racial discrimination [in the workplace] but also retaliation against those who oppose [discrimination]." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2529, 186 L. Ed. 2d 503 (2013). Section 1981 authorizes "a plaintiff to bring a claim for hostile work environment based on unlawful race discrimination." *Lounds v. Lincare,* Inc., 812 F.3d 1208, 1221 (10th Cir. 2015).

"[E]mployees of a corporation may become personally liable when they intentionally cause an infringement of rights protected by Section 1981, regardless of whether the corporation may also be held liable." *Al-Khazraji v. Saint Francis College*, 784 F.2d 505, 518 (3rd Cir. 1986) aff'd, 481 U.S. 604, 95 L. Ed. 2d 582, 107 S. Ct. 2022 (1987).  However, "[a] claim seeking personal liability under section 1981 must be predicated on the actor's personal involvement." *Allen v. Denver Pub. Sch. Bd.,* 928 F.2d 978, 983 (10th Cir. 1991).

13

Plaintiff's complaint fails to identify any wrongdoing on the part of individually named defendant Celeste Trujillo on any matter, including any conduct under Section 1981. Her global dismissal from this lawsuit is warranted. Plaintiff has also failed to plead sufficient allegations to demonstrate that individual defendant Williams, or individual defendant Medina, created a hostile work environment on account of race. Additionally, any conduct purportedly perpetrated by Williams (or Medina respectively) cannot be attributed to the other for purposes of imposing individual liability. Put another way, each individual is only responsible for what Plaintiff alleges each did. Regardless, the pleadings are insufficient to establish any individual liability under a Section 1981 hostile work environment claim. Furthermore, as argued in Section IIIA(ii), even in the aggregate Plaintiff has not pled sufficient facts to sustain a hostile work environment claim against CAV on the basis of race. Her Section 1981 on this theory should similarly be dismissed, without prejudice.

Finally, Plaintiff's complaint routinely lumps Williams, Medina and Cisneros into adverse employment actions, but Plaintiff does not allege exactly how each individual was actively and personally involved, nor does she even try to do so. *Allen*, 928 F.2d at 983 (party required to demonstrate personal involvement). Defendants should not have to play guesswork about Plaintiff's conclusory beliefs of personal involvement. In that additional regard, the Section 1981 claims should be dismissed against the individuals, without prejudice, unless or until Plaintiff can provide sufficient allegations to demonstrate personal involvement, as opposed to conclusory allegations of the same.

**D.  Dismissal of Plaintiff's IPRA claim is required.**

The purpose of IPRA is "to ensure . . . that all persons are entitled to the greatest possible information regarding the affairs of government and the official acts of public officers and employees." Section 14-2-5; *Dunn v. N.M. Dep't of Game & Fish*, 2020-NMCA-026, ¶ 4.  Under Section 14-2-12(A)(2), a person may bring an enforcement suit against a public body (or agent of the same) if that person's written request to inspect public records has been denied. *San Juan Agric. Water Users Ass'n v. KNME-TV*, 2011-NMSC-011, ¶ 1.

IPRA defines "public records" as: "all documents, papers, letters, books, maps, tapes, photographs, recordings and other materials, regardless of physical form or characteristics, that are used, created, received, **maintained or held by or on behalf of any public body** and **relate to public business**, whether or not the records are required by law to be created or maintained."  Section 14-2-6(H) (emphasis added). IPRA further defines a "public body" as "the executive, legislative and judicial branches of state and local governments and all advisory boards, commissions, committees, agencies or entities created by the constitution or any branch of government that receives any public funding, including political subdivisions, special taxing districts, school districts and institutions of higher education." Section 14-2-6(G).

The only allegation that CAV can locate in the complaint that could conceivably implicate IPRA is Paragraph 3 of Claim 5 (page 4), in which Plaintiff contends she requested to "view employee files" but was only given limited information.  But Plaintiff has neither alleged, nor pled, that CAV is a "public body;" that the documents at issue constitute "public records" for which no exemption exists; that Plaintiff initiated a request

to the custodian of records; or that CAV refused to supply non-exempt, public records. Nor has Plaintiff alleged that CAV somehow serves as an agency or instrumentality of a public body.  *See State ex rel. Toomey v. City of Truth*, 2012-NMCA-104, ¶ 20 (discussing factors to consider of private entity falling under IPRA coverage). Accordingly, the IPRA claim must be dismissed, though CAV will defer on prejudice.[4]

### E.   Dismissal of Plaintiff's NMHRA claims is warranted.

A motion to dismiss for lack of subject matter jurisdiction "may be appropriate when the plaintiff has failed to exhaust administrative remedies that are a prerequisite to his or her suit." *Kelley v. City of Albuquerque* 375 F.Supp.2d 1183, 1210 (D.N.M. 2004) (compliance with grievance procedures is prerequisite to seeking judicial review).  Under the NMHRA, exhaustion of administrative remedies is a prerequisite to suit. *Mitchell-Carr v. McLendon*. 1999-NMSC-025, ¶16. This includes, for example, the timely filing of a charge of discrimination with the New Mexico Human Rights Bureau ("HRB") "within three hundred days after the alleged act was committed," along with the proper naming of entities/individuals. § 28-1-10(a); *Lobato v. State Env't Dep't*, 2012-NMSC-002, ¶ 7 (general rule is party should name individuals, but charge form failed to afford party opportunity to do so).  It also includes the timely filing of an appeal within ninety (90) days from the issuance of an order of non-determination by the HRB. See § 28-1-13(a).

---

[4]Plaintiff cannot simply lay claim to an IPRA violation and contend, on a whim and in conclusory fashion, that CAV, a non-profit organization, qualifies as an agent of a public body: (a) performing public duties; and (b) maintaining public records. Fed. R. Civ. P. 11 requires meaningful, due diligence to determine if the *Toomey* factors can be satisfied, as well as whether private, employment records that a non-profit maintains on its own employees would qualify as non-exempt, public records. After all, a private, non-profit agency could be in possession of some public records that it maintains for, and on behalf of, a public agency, but that would not convert all of its records into public ones.

Plaintiff's NMHRA claims fail at this stage for three (3) principal reasons. First, Plaintiff has not received an order of non-determination from the HRB, or appropriately pled so in order to establish subject matter jurisdiction. *See Moody,* 2967, 2019 U.S. Dist. LEXIS 123027, at *6 (D.N.M. July 24, 2019); Section 28-1-13(a); *Mitchell-Carr*, 1999-NMSC-025, ¶ 16 ("An order of non-determination signals that the person who filed the complaint has fully complied with the NMHRA grievance procedure and may proceed to Court.").  Furthermore, EEOC dismissal paperwork does not qualify as an order of non-determination from the HRD, so that is insufficient to confer jurisdiction for purposes of adjudicating NMHRA claims. *Mitchell-Carr,* 1999-NMSC-025, ¶ 19 (EEOC exhaustion requirements are separate from NMHRA requirements).

Second, Plaintiff did not timely file a second charge of discrimination with the division (or dually file with the EEOC) for any of the discriminatory or retaliatory events post-dating her initial October 26, 2020 charge. To wit, Plaintiff's belated February 8, 2023 amended charge was filed with the EEOC and the Texas Workforce Commission, Civil Rights Division. That does not comply with Section 28-1-10(a), which requires a timely filing with the HRB.  *See also Mitchell-Carr*, 1999-NMSC-025, ¶ 17 (full compliance under the NMHRA is required).

Third, even if Plaintiff's 2023 amended charge had been filed (dually or otherwise) with the HRB, she still did not comply with Section 28-1-10(a) by timely filing a charge within 300 days after each discrete, discriminatory act set forth in the amended charge. *See Ulibarri v. State Corr. Acad*., 2006-NMSC-009, ¶¶ 10-11 (adopting statute of limitations filing standard set forth in *Morgan* for both discrete acts and continuing violations).  The NMHRA required Plaintiff to file a timely charge (or amended charge)

for her schedule readjustment, work assignments, accommodations, and termination, all discrete acts under the NMHRA. *Id.* She failed to do so. Consequently, this Court is currently without subject matter jurisdiction to hear any of Plaintiff's NMHRA claims. And even if Plaintiff obtains an order of non-determination to address matters in her timely filed October 26, 2020 charge, any NMHRA claims predicated on conduct that post-dates the initial charge still must be dismissed, with prejudice, because the time to cure has long transpired.

**F.   Dismissal of some of Plaintiff's Rehabilitation Act claims is warranted.**

The Rehabilitation Act states that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).  The statute makes available a private right of action to qualified individuals who have been subjected to discrimination by the federal government or by a program or activity receiving federal financial assistance. *Id.*; *Niehaus v. Kan. Bar Ass'n,* 793 F.2d 1159, 1162 (10th Cir. 1986). Section 794(d) also incorporates into the Rehabilitation Act the anti-retaliation provisions set forth in the ADA. As a non-federal employee, exhaustion of administrative remedies is unnecessary to sustain a claim. *Edmonds-Radford v. Sw. Airlines Co*., 17 F.4th 975, 986 (10th Cir. 2021).

As an initial matter, individual liability does not exist under the Rehabilitation Act.  *See Stanek v. St. Charles Community Unit School. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015) (no individual liability for ADA Title II violations or Rehabilitation Act violations); *Khan v. Albuquerque Pub. Sch.,* No. CV 03-118 JP/RLP, 2003 U.S. Dist.

LEXIS 30437, at \*9 (D.N.M. May 22, 2003) (finding no individual liability exists under text of statute); *Rigler v. Lampert*, 248 F. Supp. 3d 1224, 1240 (D. Wyo. 2017) (same); *Montez v. Romer*, 32 F.Supp.2d 1235, 1241 (D. Colo. 1999) (same). Accordingly, the four (4) individually named defendants should be dismissed, with prejudice.

Dismissal is also appropriate with regard to Plaintiff's failure to accommodate claims from: (1) August 2020; and (b) a post October 26, 2020 failure to accommodate that Plaintiff references in Claim 6, Paragraph 5 (page 5). Under the Rehabilitation Act, Plaintiff must show that she "(1) is disabled; (2) is otherwise qualified; and (3) requested a plausibly reasonable alternative." *John v. Murray City*, No. 2:19-cv-00661-RJS-DAO, 2023 U.S. Dist. LEXIS 55894, at \*36 (D. Utah Mar. 28, 2023). With regard to those two events, Plaintiff has not pled sufficient facts to demonstrate, *inter alia*, the initiation of any accommodation requests; whether they were reasonable; whether they were accepted or rejected; and whether they were job related.

While CAV does not seek to elevate form over substance, on the general Rehabilitation Act discrimination claims, Plaintiff has also failed to plead that CAV purportedly discriminated against her *solely* because of disability. *See* Section 794(a). While Plaintiff can plead alternative theories, Plaintiff herself alleges that CAV discriminated against her both because of race and disability and also retaliated against her, so even she does not appear to believe that disability animus solely motivated any materially adverse employment actions. Dismissal without prejudice is warranted.

### G. Plaintiff's NMOSHA claim must be dismissed.

Under Section 50-9-25(B) of NMOSHA, an aggrieved employee is required to pursue a statutory employment violation only through an administrative NMOSHA

proceeding.  NMOSHA does not, however, create a private right of action for Plaintiff to pursue a statutory claim for wrongful discharge in court. The claim should be dismissed, with prejudice.

## IV.  CONCLUSION

Defendants respectfully request that the Court dismiss Plaintiff's statutory claims as set forth herein, and to provide any additional relief deemed just and proper.

Respectfully submitted,

**MOODY & STANFORD, P.C.**

By: */s/ Repps D. Stanford 2023.05.26*
       Repps D. Stanford
4169 Montgomery Blvd. NE
Albuquerque, NM 87109
(505) 944-0033
stanford@nmlaborlaw.com
*Attorneys for Defendants*

We hereby certify that we have served a copy
of this pleading on the following
by filing the same in the CM/ECF
filing system this 26th day of May 2023, as
well as serving Ms. Morgan at both her email
and physical addresses below:

Ms. Sorche Morgan, Pro Se
1335 Paseo Del Pueblo Sur 205
Taos, NM 87571
Patientpear90@gmail.com

**MOODY & STANFORD, P.C.**

By: */s/ RDS 2023.05.26*
       Repps D. Stanford