UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SORCHÈ MORGAN,

      Plaintiff,

v.                                                                                                                      No. 23-cv-353-WPJ/JMR

COMMUNITY AGAINST VIOLENCE,
ANITA MEDINA, MALINDA WILLIAMS,
CELESTE TRUJILLO; and DEBBIE CISNEROS,

      Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART DEFENDANTS' MOTION TO DISMISS**

**THIS MATTER** comes before the Court upon Defendants' Motion to Dismiss and Supporting Memorandum, filed May 26, 2023 (**Doc. 20**) (the "Motion"). The Court finds that the Motion is well-taken and is therefore **GRANTED IN PART**.

**BACKGROUND**

On April 26, 2023, Plaintiff filed her Complaint (**Doc. 1**) and named her former employer, Community Against Violence ("CAV"), and four individuals who served as employees at CAV during her tenure with the organization as Defendants. Plaintiff alleges violations of the following federal and state statutes: (1) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); (2) the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. ("ADA"); (3) 42 U.S.C. § 1981 ("Section 1981"); (4) the New Mexico Inspection of Public Records Act, NMSA 1978 §§ 14-2-1 to 14-2-12 (2023) ("IPRA"); (5) the New Mexico Human Rights Act, NMSA 1978 § 28-1-1 et seq. (2023) ("NMHRA"); (6) the Rehabilitation Act

1

of 1973, 28 U.S.C. § 701 et seq. ("Rehabilitation Act"); and (7) the New Mexico Occupational Health and Safety Act, NMSA 1978 §§ 50-9-1 to 50-9-25 (2023) ("NMOSHA"). **Doc. 1 at ¶ 1**.

On October 26, 2020, Plaintiff Morgan dually filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the New Mexico Human Rights Bureau ("HRB"). **Doc. 1 at 12–13**. Plaintiff filed an amended charge with the EEOC and Texas Workforce Commission on February 8, 2023. *Id.* **at 10–11**. Plaintiff also included a "right to sue" notice from the EEOC, however, she has not provided or pled the receipt of an order of nondetermination from the HRB. **Doc. 1 & 28**.

Defendants' Motion requests the Court dismiss each of the seven causes of action contained in the Complaint either with or without prejudice. **Docs. 20 & 30**.

## LEGAL STANDARD

### I. Rule 12(b)(1) Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(1) allows a court to dismiss a complaint for lack of subject matter jurisdiction. When ruling on a 12(b)(1) motion, a court has broad discretion to consider affidavits, an administrative record, or other documents necessary to resolve disputed jurisdictional facts. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Here, Defendants allege that the Court does not have subject matter jurisdiction over several claims in this case because the Plaintiff did not properly exhaust her administrative remedies prior to filing suit.

Exhaustion of administrative remedies serves as a jurisdictional bar to filing suit under the NMHRA and an affirmative defense under the Rehabilitation Act, ADA, and Title VII. *See Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 16, 127 N.M. 282, 980 P.2d 65 (N.M. 1999) ("An order of non-determination signals that the person who filed the complaint has fully complied with the NMHRA grievance procedure and may proceed to Court."); *Jaramillo v. J.C. Penny Co.*,

1985-NMCA-002, ¶ 2, 102 N.M. 272, 694 P.2d 528 (N.M. Ct. App. 1985) (exhaustion is required under the NMHRA); *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1846 (2019) (holding that Title VII's "charge-filing instruction is not jurisdictional"); *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 n. 10 (10th Cir. 2018) (explaining exhaustion is not jurisdictional under the Rehabilitation Act, ADA, or Title VII, but failure to exhaust is an affirmative defense).

Accordingly, this Court must first determine whether Plaintiff has properly exhausted her administrative remedies (or assess the applicability of the affirmative defense of non-exhaustion) before addressing the merits of the Plaintiff's claims.

## II. Rule 12(b)(6) Motion to Dismiss Standard

Defendants moved to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under Rule 12(b)(6), the Court should accept all well-pleaded factual allegations as true and construe them in the light most favorable to the Plaintiff. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019). However, a Court must "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

Although a complaint need not contain "detailed factual allegations," it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Moreover, if factual allegations in a complaint are "so general that they encompass a wide swath

of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik*, 671 F.3d at 1191.

The Tenth Circuit has also held that when a complaint uses "the collective term 'Defendants' . . . with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Bark v. Chacon*, 504 F. App'x 741, 745 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008); *see also Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (citing Fed. R. Civ. P. 12(b)(6) and 8).

Plaintiff is *pro se*; accordingly, the Court liberally construes her Complaint and briefing. *United States v. Trent*, 884 F.3d 985, 993 (10th Cir. 2018) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (citation omitted). But even liberally construing Plaintiff's Complaint, the Court finds it fails to state plausible claims for relief as to some of the causes of action.

## DISCUSSION

### I. Issues with Plaintiff's Complaint and Response Brief

Plaintiff's Complaint contravenes Rule 8's notice pleading standard with respect to the Section 1981, IPRA, NMHRA, and NMOSHA claims. Although not a "shotgun pleading" which incorporates each claim or cause of action into each Count, instead Plaintiff's Complaint wholly fails to provide "fair notice of the factual and legal basis for each claim." *Swenson v. Storage LLC*, No. 21-cv-1968, 2022 U.S. Dist. LEXIS 86466, at *14 (D. Colo. Apr. 26, 2022) (citing *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018)).

Plaintiff's Response (**Doc. 28**) does not remedy her failure to satisfy the *Iqbal*/*Twombly* pleading standards for the § 1981, IPRA, NMHRA, Rehabilitation Act, and NMOSHA claims. The Complaint (**Doc. 1**) references seven statutes but does not properly plead or incorporate the five aforementioned statutes into the seven counts asserted (**Docs. 1 & 28**).

**II. Plaintiff's Failure to Exhaust Administrative Remedies**

Failure to exhaust administrative remedies is an affirmative defense under the Rehabilitation Act, ADA, and Title VII. *See Cirocco v. McMahon*, 768 F. App'x 854, 861 (10th Cir. 2019) (unpublished) (holding that failure to exhaust a Title VII claim is an affirmative defense allowing a court to dismiss the complaint without prejudice); *Goodson v. DeJoy*, No. 22-1338, 2023 U.S. App. LEXIS 19231, at *11 (10th Cir. 2023) (unpublished) (explaining failure to exhaust is an affirmative defense against Rehabilitation Act and ADA claims (citing *Lincoln*, 900 F.3d at 1185)).

**A. Plaintiff's Title VII claims after October 26, 2020 have not been exhausted**

In order to successfully bring a claim under Title VII, a Plaintiff must first clear certain agency procedures and exhaust her administrative remedies. *See National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) ("Title 42 U.S.C. § 2000e-5(e)(1) is a charge filing provision that specifies with precision the prerequisites that a plaintiff must satisfy before filing suit."); *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1194 (10th Cir. 2004) ("A plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue-letter.").

Accordingly, when "discrete incidents of discrimination occur after an employee files an initial EEOC charge, the employee must file an additional or amended charge with the EEOC to satisfy the exhaustion requirement as to discrete incidents occurring after the initial charge."

*Lincoln*, 900 F.3d at 1181 (10th Cir. 2018) (citing *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003)).

In reviewing Plaintiff's February 8, 2023 amended charge filed with the EEOC, it is readily apparent that she did not timely file within three hundred days. 42 U.S.C. § 2000-e5(e)(1); NMSA 1978, § 28-1-10(a) (2023). This failure is fatal with respect to Counts VI–VII. Although failure to timely file an administrative charge is not jurisdictional, it is still an affirmative defense. *Lincoln*, 900 F.3d at 1185; *Sizova v. Nat'l Inst. Of Standards & Tech.*, 282 F.3d 1320, 1325 (10th Cir. 2002).

Plaintiff's failure to timely exhaust her post-October 26, 2020 claims of discrimination or retaliation necessitate dismissal. Although usually dismissal without prejudice is appropriate, dismissal with prejudice is appropriate when a Plaintiff is unable to either exhaust administrative remedies or when amending the Complaint would be futile. That is the case here. Accordingly, Plaintiff's Title VII claims[1] for discrimination or retaliation in Counts VI–VII are dismissed with prejudice.

**B. Plaintiff's ADA claims after October 26, 2020 have not been exhausted**

As is true of Title VII, the ADA also requires a Plaintiff to exhaust her administrative remedies before filing suit. *MacKenzie v. City & Cnty. of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005); 42 U.S.C. § 12117(a). A charge of discrimination must be filed with the EEOC no later than 300 days after the alleged unlawful employment practice occurred. *See Lincoln*, 900 F.3d at 1181 (quoting 42 U.S.C. § 2000e-5(e)(1), which governs ADA enforcement pursuant to 42 U.S.C. § 12117(a)).

Plaintiff's ADA discrimination and retaliation claims that post-date her October 26, 2020 charge are not timely. This is fatal with respect to Counts II, IV, and VI—wherein Plaintiff has not

---

[1] Claims 6 and 7 (Counts VI and VII) rely on events alleged to have occurred after October 26, 2020 and are unexhausted and incurable.

6

pled the requested accommodations, identified their reasonableness, alleged any failure by the Defendants to provide such accommodation, or alleged the accommodations were job-related. To the extent Claim 4 (**Doc. 1 at 4, ¶ 5**) alleges an ADA violation that it does not incorporate into Count IV, this claim has not been exhausted or sufficiently pled.

Accordingly, Plaintiff's ADA claims in Counts II, IV, and VI are dismissed with prejudice.

**C. Plaintiff's NMHRA claims after October 26, 2020 have not been exhausted**

Plaintiff's NMHRA claims fail because: (1) Plaintiff has not received an order of non-determination from the HRB; (2) Plaintiff did not file any events post-dating October 26, 2020 with the HRB; and (3) Plaintiff did not timely file within three hundred days as required by NMSA 1978 § 28-1-10(a). As such, this Court is unable to hear the NMHRA claims. New Mexico courts hold that failure to exhaust administrative remedies constitutes a jurisdictional bar to claims brought under the NMHRA. *See Mitchell-Carr*, 1999-NMSC-025, ¶ 16 ("An order of non-determination signals that the person who filed the complaint has fully complied with the NMHRA grievance procedure and may proceed to Court."); *Jaramillo*, 1985-NMCA-002, ¶ 2 (exhaustion is required under the NMHRA).

Plaintiff does not dispute the fact she has not received an order of non-determination from the HRB. **Doc. 28 at 21–22**. Such a failure to exhaust her administrative remedies is fatal. *See Sonntag v. Shaw*, 2001-NMSC-015, ¶ 13, 130 N.M. 238, 22 P.3d 1188 (N.M. 2001).

As it stands, the Court lacks jurisdiction under Fed. R. Civ. P. 12(b)(1) to hear nonexhausted claims under the NMHRA. Plaintiff's NMHRA claims are, therefore, dismissed without prejudice.

**III. Individually Named Defendants are Entitled to Dismissal**

Individual employees and supervisors cannot be held liable for claims brought under Title VII. *See Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1083 n.9 (10th Cir. 2007) ("Under long-standing [Tenth] [C]ircuit precedent, supervisors and other employees may not be held personally liable under Title VII."); *Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996) ("The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act."). Under Tenth Circuit precedent, it is proper "for a plaintiff to recover under Title VII . . . by suing the employer, either by naming the supervisory employees as agents of the employer *or* by naming the employer directly." *Sauers v. Salt Lake Cnty.*, 1 F.3d 1122, 1125 (10th Cir. 1993) (quoting *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991)) (emphasis added). Similarly, "[t]he ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition." *Butler v. City of Prairie Vill.*, 172 F.3d 736, 744 (10th Cir. 1999). Likewise, the Rehabilitation Act does not allow for the imposition of liability on an individual. *See Moore v. Cooksey*, No. 00-1109, 2000 U.S. App. LEXIS 31858 (10th Cir. 2000) (unpublished); *Rigler v. Lampert*, 248 F. Supp. 3d 1224, 1240 (D. Wyo. 2017).

In fact, Plaintiff's Response acknowledges "it is true that individual employees and supervisors cannot be held personally liable under Title VII." **Doc. 28 at 6**. Plaintiff contends she "nam[ed] the individually named defendants in their official capacities." *Id.* **at 7**. This is incorrect—the Complaint clearly lists them as individuals. **Doc. 1 at 1–2**. If Plaintiff meant to name the individuals in their official capacity, then this is an unnecessary redundancy as CAV is already named. **Doc. 30 at 3**.

8

Accordingly, Plaintiff's Title VII claims in Counts I and III–VII against the four individually named Defendants are be dismissed with prejudice. Plaintiff's ADA claims against the four individually named Defendants in Counts II and VI are also dismissed with prejudice. And, finally, Plaintiff's Rehabilitation Act claims against the four individually named Defendants are dismissed with prejudice.

**A. Defendant Celeste Trujillo should also be dismissed**

The Complaint does not contain any specific allegations of wrongdoing by Defendant Trujillo. The pleading contains no facts "to state a claim to relief that is plausible on its face" against Defendant Trujillo. *Twombly*, 550 U.S. at 570.

Plaintiff's claims against Defendant Trujillo are dismissed without prejudice. If Plaintiff fails to submit an amended complaint within 30 days or if Plaintiff submits an amended complaint that still does not state a plausible claim for relief, the Court may dismiss Plaintiff's claims with prejudice and without notice. *See Hall v. Bellmon,* 935 F.2d 1106, 1109–10 (10th Cir. 1991).

**B. Dismissal of Section 1981 claims is appropriate**

For the above-mentioned reasons, claims against Defendant Trujillo should be dismissed. For the remaining individually named Defendants, personal liability is not foreclosed. Employees of a corporation "may become personally liable [under Section 1981] when they intentionally cause an infringement of rights." *Sims v. KCA, Inc.*, No. 93-2053, 1994 U.S. App. LEXIS 15065, at *21 (10th Cir. 1994) (unpublished). However, such a claim must be "predicated upon the actor's personal involvement" not just their role in the company. *Allen v. Denver Pub. Sch. Bd.*, 928 F.2d 978, 983 (10th Cir. 1991).

Here, Plaintiff has not alleged sufficient facts to show that Defendants Medina, Williams, and Cisneros were personally involved in any retaliatory acts. Accordingly, the Plaintiff's § 1981

9

claims against the Defendants are dismissed without prejudice for failure to state a claim. Plaintiff is granted leave to amend. *See Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014) (allowing for leave to amend where a Plaintiff *may* be able to plead sufficient facts). If, however, Plaintiff fails to submit an amended complaint within 30 days or if Plaintiff submits an amended complaint that still does not state a plausible claim for relief, the Court may dismiss Plaintiff's claims with prejudice and without notice. *See Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (explaining when a *pro se* Plaintiff is "close to stating a claim" they should be allowed to amend the complaint (citing *Hall,* 935 F.2d at 1109–10).

## IV. Some Claims Against CAV Warrant Dismissal

### A. IPRA claims

The purpose of IPRA is "to ensure . . . that all persons are entitled to the greatest possible information regarding the affairs of government and the official acts of public officers and employees." NMSA 1978 § 14-2-5 (2023); *Dunn v. N.M. Dep't of Game & Fish*, 2020-NMCA-026, ¶ 4, 464 P.3d 129 (N.M. Ct. App. 2020). Under Section 14-2-12(A)(2), a person may bring an enforcement suit against a public body (or agent of the same) if that person's written request to inspect public records has been denied. *San Juan Agric. Water Users Ass'n v. KNME-TV*, 2011-NMSC-011, ¶ 1, 150 N.M. 64, 257 P.3d 884 (N.M. 2011). Section 14-2-6(H) defines a public record as: "all documents, papers, letters, books, maps, tapes, photographs, recordings and other materials, regardless of physical form or characteristics, that are used, created, received, **maintained or held by or on behalf of any public body** and **relate to public business**, whether or not the records are required by law to be created or maintained." Section 14-2-6 further defines a public body as: "the executive, legislative and judicial branches of state and local governments and all advisory boards, commissions, committees, agencies or entities created by

the constitution or any branch of government that receives any public funding, including political subdivisions, special taxing districts, school districts and institutions of higher education." NMSA 1978 § 14-2-6(G) (2023).

Plaintiff's Response asserts that the *Toomey* factors favor a conclusion that CAV (a § 501(c)(3), private non-profit) is a private entity conducting governmental business subject to IPRA. **Doc. 28 at 20–21**. *See State ex rel. Toomey v. City of Truth of Consequences*, 2012-NMCA-104, ¶¶ 13–14, 287 P.3d 364 (N.M. Ct. App. 2012). In furtherance of her position, Plaintiff cites to no legitimate[2] cases.

Simply stated, Plaintiff has not pled sufficient facts to demonstrate an IPRA claim nor has she cited any legitimate cases in her response. Accordingly, the Court concludes that Defendants are entitled to dismissal with prejudice as to the IPRA claim.

**B. NMOSHA claims**

Plaintiff alleges nonspecific violations of NMOSHA. **Doc. 1 at 1**. But NMOSHA does not create a private right of action. *See* NMSA 1978 § 50-9-25 (2023). To the extent Plaintiff "asserts an improper or nonexistent cause of action . . . [Plaintiff Morgan] should be able to reassert . . . this claim at a later date." *Sturgeon v. ABF Freight Sys.*, No. 02-cv-1317, 2004 U.S. Dist. LEXIS 34515, at *4 (D.N.M. Jan. 7, 2004).

The Court concludes that dismissal with prejudice is appropriate for the NMOSHA claims.

**C. Section 1981 claims**

To state a race-based hostile work environment claim, "a plaintiff must, among other things, plead facts sufficient to show that the work environment 'is permeated with discriminatory

---

[2] The Court notes that Plaintiff's citation to "*Las Cruces Sun-News v. City of Las Cruces* (2003-NMCA-099)" in **Doc. 20 at 20** is fake. The Court has been unable to locate a significant amount of the "case law" cited in Plaintiff's Response. *See infra* ¶ 5.B.

11

intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Brown v. LaFerry's LP Gas Co., Inc.*, 708 F. App'x 518, 520 (10th Cir. 2017) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). A plaintiff must plead facts sufficient to show the work environment was "both objectively and subjectively hostile." *Payan v. UPS*, 905 F.3d 1162, 1171 (10th Cir. 2018).

Here, Plaintiff has not alleged sufficient facts for a hostile work environment claim against CAV. Plaintiff alleges nonspecific "taunting," a "tea servant" comment, more undefined and unexplained comments by coworkers, and a "machine [] that could kill them." **Doc. 1**. Aside from conclusory references, Plaintiff makes no mention that the conduct arose from racial animus. Accordingly, Plaintiff has not pled sufficient facts in support of her hostile work environment claim against CAV.

Plaintiff's complaint fails to support a reasonable inference that any of that conduct was related to her race. As such, Plaintiff's § 1981 hostile work environment claims against Defendant CAV are dismissed without prejudice for failure to state a claim.

Plaintiff is granted leave to amend. *See Fleming*, 573 F. App'x at 769. If, however, Plaintiff fails to submit an amended complaint within 30 days or if Plaintiff submits an amended complaint that still does not state a plausible claim for relief, the Court may dismiss Plaintiff's claims with prejudice and without notice. *See Gee*, 627 F.3d at 1195 (citing *Hall,* 935 F.2d at 1109–10).

**D. Rehabilitation Act claims**

The Rehabilitation Act provides a private right of action to qualified individuals who have been subjected to discrimination by way of failure to accommodate. 29 U.S.C. § 794. Under the Rehabilitation Act, Plaintiff must show that she (1) is disabled; (2) is otherwise qualified; and (3) requested a plausibly reasonable alternative. *Brown v. Austin*, 13 F.4th 1079, 1084–85 (10th Cir.

2021). Here, Plaintiff has not pled sufficient facts to demonstrate the initiation of any accommodation requests; whether they were reasonable; whether they were accepted or rejected; and whether they were job related. **Doc. 20 at 19**.

The Court dismisses Plaintiff's Rehabilitation Act claims against Defendant CAV without prejudice.

*Pro se* Plaintiff Morgan is once again granted leave to amend. *See Fleming*, 573 F. App'x at 769. If, however, Plaintiff fails to submit an amended complaint within 30 days or if Plaintiff submits an amended complaint that still does not state a plausible claim for relief, the Court may dismiss Plaintiff's claims with prejudice and without notice. *See Gee*, 627 F.3d at 1195 (citing *Hall,* 935 F.2d at 1109–10).

**V. Plaintiff's Pro Se Status Does Not Give Her License to Abuse the Judicial Process**

Parties who proceed *pro se* are afforded some latitude and held to a less stringent standard of pleading than formal pleadings drafted by lawyers. *Hall*, 935 F.2d at 1110; *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Even so, the Tenth Circuit requires all litigants, including those who are not represented by counsel, to comply with the Federal Rules of Civil Procedure. *See Nielsen v. Price*, 17 F.3d 1276 (10th Cir. 1994) (explaining that the Tenth Circuit has "has repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants") (internal quotation marks and citation omitted).

**A. Rule 11 Requirements**

Rule 11(b) of the Federal Rules of Civil Procedure states that, for every pleading, filing, or motion submitted to the Court, an attorney or unrepresented party certifies that it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," that all claims or "legal contentions are warranted by existing law

or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," and that factual contentions have evidentiary support.

Under Rule 11(c)(3), the Court is empowered to order a party "to show cause why conduct specifically described in the order has not violated Rule 11(b)." If, after notice and opportunity to respond, a court determines that a party has violated Rule 11(b), it may impose sanctions. *See King v. Fleming*, 899 F.3d 1140, 1148 (10th Cir. 2018). These imposition of sanctions under Rule 11 is within the discretion of the Court. *Id.* at 1147.

Although dismissal is an "extreme sanction" not "to be taken lightly," it is nevertheless a permissible option. *King*, 899 F.3d at 1149. The Tenth Circuit reasoned that, "because dismissal with prejudice defeats altogether a litigant's right to access to the courts, it should be used as a weapon of last, rather than first, resort." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).

**B. Warning to Plaintiff moving forward**

Ms. Morgan has a right of access to the courts, but that right is not absolute or unconditional. *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) ("[T]here is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious."). As a result of the demands of this Court's caseload, the Court has a strong interest in managing its docket and minimizing the impact of frivolous or meritless actions on its resources. *See Drevaleva v. Dep't of Veterans Affairs*, No. 21-cv-761, 2021 U.S. Dist. LEXIS 174080, at *7 (D.N.M. Sept. 14, 2021); *Mallgren v. United States*, No. 16-cv-1285, 2016 U.S. Dist. LEXIS 171674, at *1 (D.N.M. Dec. 12, 2016). Although courts "make some allowances for the *pro se* Plaintiff's failure to cite to proper legal authority," courts do not make allowances for a Plaintiff who cites to fake, nonexistent, misleading authorities. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

As applied here, Plaintiff cited to several fake or nonexistent opinions[3]. **Doc. 28**. This appears to be only the second time a federal court has dealt with a pleading involving "non-existent judicial opinions with fake quotes and citations." *Mata v. Avianca, Inc.*, No. 22-cv-1461, 2023 U.S. Dist. LEXIS 108263, at *2 (S.D.N.Y. June 22, 2023); *see also Ex parte Lee*, 2023 Tex. App. LEXIS 5252, 673 S.W.3d 755 (Tex. Crim. App. 2023). Quite obviously, many harms flow from such deception—including wasting the opposing party's time and money, the Court's time and resources, and reputational harms to the legal system (to name a few).

The foregoing should provide Plaintiff with enough constructive and cautionary guidance to allow her to proceed *pro se* in this case. But, her *pro se* status will **not** be tolerated by the Court as an excuse for failing to adhere to this Court's rules; nor will the Court look kindly upon any filings that unnecessarily and mischievously clutter the docket. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50, (recognizing a Court's inherent power to impose a variety of sanctions to regulate its docket, promote judicial efficiency and deter frivolous filings); *Jones v. Bank of Santa Fe (In re Courtesy Inns, Ltd.)*, 40 F.3d 1084, 1089 (10th Cir. 1994).

**Thus, Plaintiff is hereby advised that she will comply with this Court's local rules, the Court's Guide for *Pro Se* Litigants, and the Federal Rules of Civil Procedure. Any future filings with citations to nonexistent cases may result in sanctions such as the pleading being stricken, filing restrictions imposed, or the case being dismissed.** *See Ehrenhaus*, 965 F.2d at 920 (explaining dismissal is "appropriate only when the aggravating factors like bad faith or

---

[3] First, on page 16, Plaintiff cites to "*Doe v. United Airlines, Inc.*, 754 F.3d 576 (7th Cir. 2014)." This is actually *Young v. Builders Steel Co.*, 754 F.3d 573 (8th Cir. 2014). Next, Plaintiff cites to "*EEOC v. Lockheed Martin Corp.*, 116 F. Supp. 3d 734 (E.D. Pa. 2015)" on page 16. This citation is actually *Caldwell ex rel. La. v. Bristol Myers Squibb Sanofi Pharms. Holding P'ship*, 116 F. Supp. 3d 727 (W.D. La. 2015). On the next page, Plaintiff cites to "*Beck v. University of Kansas Medical Center*, 953 F.3d 1215, 1224 (l0th Cir. 2020)," but the actual citation is *United States v. Goldman*, 953 F.3d 1213 (11th Cir. 2020). On page 20, Plaintiff cites to a nonexistent case out of Las Cruces: "*Las Cruces Sun-News v. City of Las Cruces* (2003-NMCA-099)," which is in actuality *State v. Foster*, 2003-NMCA-099, 134 N.M. 224, 75 P.3d 824 (N.M. Ct. App. 2003). Finally, Plaintiff cites to a "*Secretary of Labor v. Mega-Construction Co.* (2018)" on page 23—yet again, no such case exists.

willfulness outweigh the judicial system's strong predisposition to resolve cases on their merits"); *Werner v. State of Utah*, 32 F.3d 1446, 1447 (10th Cir. 1994) (filing restrictions are appropriate when a litigant abuses privileges such as proceeding in forma pauperis and being afforded the lenience due to *pro se* litigants); *Ayala v. Holmes*, 29 F. App'x 548, 551 (10th Cir. 2002) (stating a court has the inherent power to regulate the activities of vexatious or abusive litigants after appropriate notice is given); *see also Willy v. Coastal Corp.*, 855 F.2d 1160 (5th Cir. 1988) (citing nonexistent rules of law can lead to Rule 11 sanctions); *cf.* Aimee Furness & Sam Mallick, *Evaluating the Legal Ethics of a ChatGPT-Authored Motion*, Law360 (Jan. 23, 2023, 5:36 PM), https://www.law360.com/articles/1567985/evaluating-the-legal-ethics-of-a-chatgpt-authored-motion.

## CONCLUSION

Plaintiff's claims in Counts I and III against CAV are plausible and have been sufficiently exhausted. **IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (**Doc. 20**) is hereby **GRANTED IN PART** as follows:

- Counts I–VII against the individually named Defendants are **DISMISSED with prejudice**.

- Plaintiff's Title VII, ADA, and Rehabilitation Act claims against the individually named Defendants are **DISMISSED with prejudice**.

- Counts II and IV–VII against Defendant CAV are **DISMISSED with prejudice** for failure to state a claim under Fed. R. Civ. P. 12(b)(6) since providing leave to amend the Complaint (**Doc. 1**) as to these claims would be futile.

- Plaintiff's IPRA and NMOSHA claims against all Defendants are **DISMISSED with prejudice**.

- All claims and Counts against Defendant Trujillo are **DISMISSED without prejudice**.

- Plaintiff's § 1981 claims against all Defendants are **DISMISSED without prejudice**.

- Plaintiff's NMHRA claims against all Defendants are **DISMISSED without prejudice** for lack of subject matter jurisdiction.

- Plaintiff's Rehabilitation Act claims against Defendant CAV are **DISMISSED without prejudice**.

- **IT IS FURTHER ORDERED** that Plaintiff is granted leave to file an amended complaint within **thirty (30) days** of the entry of this Memorandum Opinion and Order. Specifically, the Court is providing an opportunity for Plaintiff to amend her complaint with respect to the Rehabilitation Act, Title VII, and ADA claims against CAV. The Court is also granting leave to amend Plaintiff's § 1981 claims against all Defendants.

- **Plaintiff is hereby (and again) advised that this Order serves as her FINAL WARNING that any subsequent violation of this Order or of other Court orders and rules will result in SANCTIONS, INCLUDING DISMISSAL OF HER CASE WITH PREJUDICE, WITHOUT FURTHER NOTICE.**

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE