UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SORCHÈ MORGAN,

      Plaintiff,

v.                                                                    No. 23-cv-353-WPJ/JMR

COMMUNITY AGAINST VIOLENCE,
ANITA MEDINA, MALINDA WILLIAMS,
CELESTE TRUJILLO, and DEBBIE CISNEROS,

      Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS**

**THIS MATTER** comes before the Court upon Defendants' Motion to Dismiss (**Doc. 34**). The Court finds that the motion is well-taken, and unopposed, and is therefore **GRANTED**.

## BACKGROUND

The Parties are familiar with the facts and procedural history, so the Court provides only a brief overview for purposes of ruling on the instant motion.

On April 26, 2023, Plaintiff filed a Complaint[1] (**Doc. 1**) against her former employer, Community Against Violence ("CAV"), and four individuals who served as employees at CAV. On October 23, 2023, the Court issued a Memorandum Opinion and Order (**Doc. 32**) dismissing numerous claims—some with prejudice and some without. The Court also granted leave to file an amended complaint (**Doc. 32 at 17**). In so doing, the Court simultaneously cautioned Plaintiff that

---

[1] In her initial Complaint, Plaintiff alleged violations of: (1) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); (2) the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. ("ADA"); (3) 42 U.S.C. § 1981 ("Section 1981"); (4) the New Mexico Inspection of Public Records Act, NMSA 1978 §§ 14-2-1 to 14-2-12 (2023) ("IPRA"); (5) the New Mexico Human Rights Act, NMSA 1978 § 28-1-1 et seq. (2023) ("NMHRA"); (6) the Rehabilitation Act of 1973, 28 U.S.C. § 701 et seq. ("Rehabilitation Act"); and (7) the New Mexico Occupational Health and Safety Act, NMSA 1978 §§ 50-9-1 to 50-9-25 (2023) ("NMOSHA").

1

a failure to adhere to the Court's orders or rules may result in "**DISMISSAL OF HER CASE WITH PREJUDICE**." *Id.* **at 15 & 17**.

On November 22, 2023, Plaintiff Morgan filed a Motion to Amend—which the Court construes as her Amended Complaint (**Doc. 33**). On December 13, 2023, Defendants filed their second Motion to Dismiss (**Doc. 34**). More than a month has passed, and Plaintiff has not responded.

## LEGAL STANDARD

Defendants moved to dismiss Plaintiff's Amended Complaint (**Doc. 33**) under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Thus, when the allegations in a complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

Under Local Rule 7.4 and Federal Rule of Civil Procedure 6, Plaintiff's Response was due no later than December 27, 2023. D.N.M.LR-Civ. 7.4(a); Fed. R. Civ. P. 6(a)(1)(C), (d). To date, Plaintiff has not responded. Under Local Rule 7.1, Plaintiff's failure to timely respond constitutes consent to dismiss her claims. D.N.M.LR-Civ. 7.1(b). Although the Court could waive the Rule to avoid injustice—such action is not warranted here. *See* D.N.M.LR-Civ. 1.7.

## DISCUSSION

**I. Issues with Plaintiff's Amended Complaint**

The Plaintiff here is *pro se*. As required, the Court liberally construes her filing. *United States v. Trent*, 884 F.3d 985, 993 (10th Cir. 2018). Despite liberal construction, the Court finds that Plaintiff's Amended Complaint is insufficiently pled and fails to plausible state a claim.

Neither Plaintiff's Complaint (**Doc. 1**) nor her Amended Complaint (**Doc. 33**) satisfy the *Iqbal*/*Twombly* pleading standards. Neither filing provides fair notice of the factual and legal basis for each alleged claim. *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018). Specifically, the Amended Complaint (**Doc. 33**) is deficient in the following ways. First, it still includes Defendant Trujillo—despite the Court's admonishment (**Doc. 33 at 9 & Doc. 34 at 2**). Second, Plaintiff still seeks individual liability on claims that were dismissed with prejudice (**Doc. 33 at 16 & Doc. 34 at 2**). Third, Plaintiff still does not sufficiently allege facts that establish a violation of the Rehabilitation Act, Title VII, the ADA, or Section 1981—despite the Court allowing leave to amend (**Doc. 33 at 10–13 & Doc. 34 at 3**). *See Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (explaining when a *pro se* Plaintiff is "close to stating a claim" they should be allowed to amend the complaint).

The Court assumed Plaintiff would take advantage of the opportunity to file an amended complaint by pleading facts that plausibly establish a Section 1981, Title VII, Rehabilitation Act, or ADA claim. She did not.

Plaintiff's Section 1981 claim does not remotely approach pleading sufficient facts to demonstrate the "but for race" standard. *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 140 S. Ct. 1009, 1019 (2020). Similarly, Plaintiff's Title VII claim does not state facts sufficient to clear the "motivating factor" showing. *Price Waterhouse v. Hopkins*, 490 U.S. 228

(1989); *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003); *cf.* The Civil Rights Act of 1991 (1991 Act), Pub. L. 102-166, 105 Stat. 1071. Even considering the burden-shifting framework under Title VII, Plaintiff's Amended Complaint falls short. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Finally, in support of her ADA and Rehabilitation Act claims, Plaintiff only alleged vague and conclusory[2] statements (**Doc. 33**). The Complaints provide no details[3] about Plaintiff's disability—instead only a bald, unsupported assertion that Plaintiff is disabled. This contention is insufficient to state a plausible claim for relief under the ADA or Rehabilitation Act. *Twombly*, 550 U.S. at 570.

Here, Plaintiff has not alleged sufficient facts to allow the Court to draw a reasonable inference that Defendants are liable for violations of anything—instead, the Amended Complaint is just another "the-defendant-unlawfully-harmed-me" conclusory accusation. *Iqbal*, 556 U.S. at 678. Because Plaintiff did not state sufficient plausible allegations to establish the essential elements of each claim, the Amended Complaint cannot survive the Motion to Dismiss (**Doc. 34**).

## II. Plaintiff Did Not Adhere to the Local Rules, Despite Warnings

The Court previously stated it may dismiss Plaintiff's claims with prejudice and without notice if the Amended Complaint was insufficient (**Doc. 32**). *See Gee*, 627 F.3d at 1195 (explaining when a *pro se* Plaintiff is "close to stating a claim" they should be allowed to amend the complaint (citing *Hall v. Bellmon,* 935 F.2d 1106, 1109–10 (10th Cir. 1991)). Obviously, dismissal is an "extreme sanction" that is not "to be taken lightly." *King v. Fleming*, 899 F.3d 1140, 1149 (10th Cir. 2018). It is, nevertheless, a permissible option. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920

---

[2] Plaintiff merely states she has a disability—but never defines what it is. Instead, she simply alleges "mental disabilities" (**Doc. 33 at 1–2, ¶¶ 1 & 3**). As best as the Court can glean, Plaintiff has "a disability related to COVID testing" that appears to be related to anxiety. *Id.* **at 2**.

[3] The only time Plaintiff alleges specific conditions is in her Reply to Defendants' Response to Motion to Appoint Counsel (**Doc. 15**). In that motion, Plaintiff stated she has "mental distress resulting from her diagnosed mental disabilities, including PTSD, Generalized Anxiety Disorder, and Major Depressive Disorder." *Id.* **at 1**.

(10th Cir. 1992) ("[B]ecause dismissal with prejudice defeats altogether a litigant's right to access to the courts, it should be used as a weapon of last, rather than first, resort.").

It bears repeating: parties who proceed *pro se* are afforded **some** latitude. *Hall*, 935 F.2d at 1110; *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But *pro se* litigants must still file motions and comply with the Rules. *See Nielsen v. Price*, 17 F.3d 1276 (10th Cir. 1994) (explaining that the Tenth Circuit has "has repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants") (cleaned up).

Here, Plaintiff capitalized on the ability to file the Amended Complaint. Unfortunately, she has since failed to respond to a case dispositive motion. So, what should the Court do? Of course, the Court would prefer to rule on the merits instead of resolving the case based on a filing timeline technicality. But this is not a "one day late" filing. *Env't Dimensions, Inc. v. EnergySolutions Gov't Grp., Inc.*, No. CV-16-1056, 2019 U.S. Dist. LEXIS 88304, at *7 (D.N.M. May 24, 2019). Plaintiff's response is a month delinquent. Given the past warnings, the Court declines to waive the Rules. D.N.M.LR-Civ. 1.7. Dismissal with prejudice is appropriate (and just).

Before reaching this conclusion, the Court reviewed the entire docket to see if Plaintiff had filed any documents or evidence in support of her claims. She did not. Instead, however, the Court found additional citations to "hallucinated" cases. *See* Eugene Volokh, *Six Federal Cases of Self-Represented Litigants Citing Fake Cases in Briefs, Likely Because They Used AI Programs*, THE VOLOKH CONSPIRACY (Nov. 13, 2023), https://reason.com/volokh/2023/11/13/self-represented-litigants-use-ai-to-write-briefs-produce-hallucinated-citations/.

Let's be clear. The Court is under no obligation to go a scavenger hunt to "save" Plaintiff's insufficiently pled case. *See Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023) (explaining that courts do not act as *pro se* litigant's "advocate"); *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir.

2013). In fact, such a "scavenger hunt" has been cited with disfavor. *United States v. Harris*, 579 F. App'x 657, 661 (10th Cir. 2014) (unpublished). But given Plaintiff's *pro se* status, coupled with the invariable dismissal (given the Amended Complaint's deficiencies and a lack of a response to the Motion), the Court wanted to ensure the "i" was dotted and the "t" was crossed. The Court was not expecting (let alone wanting) to find more[4] fake cases. *See* **Doc. 32 at 15**. But here we are.

The Court made allowances for the Plaintiff's initial failures in the Complaint (**Doc. 1**) and Motion Response (**Doc. 28**). *Cf. James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). The Court provided Plaintiff with "constructive and cautionary guidance" (**Doc. 32 at 15**). Defendants even attempted to facilitate proper pleading standards (**Doc. 34-1**), but Plaintiff was nonresponsive (**Doc. 34 at 2**).

At bottom, Plaintiff failed to adhere to this Court's Rules on several occasions. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) (recognizing a Court's inherent power to impose a variety of sanctions to regulate its docket, promote judicial efficiency and deter frivolous filings); *Ayala v. Holmes*, 29 F. App'x 548, 551 (10th Cir. 2002) (stating a court has the inherent power to regulate the activities of vexatious or abusive litigants after appropriate notice is given).

---

[4] Because the Magistrate Judge ruled on this request for counsel (**Doc. 25**), this Court had not previously reviewed the filings in detail. Unfortunately for Plaintiff, upon a thorough review of her Reply (**Doc. 15**), the Court discovered additional hallucinated cases: (1) *Linton v. Comm'r of Social Sec.*, 2014 WL 505984 (D.N.M. Feb. 5, 2014); (2) *Smith v. United States*; (3) *Ortega v. Royer Corp.*, 151 F. Supp. 3d 1167, 1170 (D.N.M. 2015); (4) *Chavez v. City of Albuquerque*, 150 F. Supp. 3d 1196, 1206 (D.N.M. 2015); (5) *Tatum v. Oklahoma City*, 441 F.3d 1212 (10th Cir. 2006); and (6) *Chilson v. Experian Information Solutions, Inc.*, 829 F.3d 869 (10th Cir. 2016).

First, zero "Linton" cases are from this district. *See e.g., Linton v. Comm'r of Social Sec.*, No. 18-cv-0632, 2019 U.S. Dist. LEXIS 186395, 2019 WL 5551436 (E.D.N.Y. Oct. 28, 2019); *Linton v. Comm'r of Soc. Sec.*, 2014 U.S. Dist. LEXIS 25381 (S.D. Ohio Feb. 18, 2014). Although there is also a Tenth Circuit "Linton" case—that one is stylized as *Linton v. Comm'r of Internal Revenue*, 764 F. App'x 674 (10th Cir. 2019) (unpublished). Second, the quotation attributed to *Smith* produces no results. Third, the pinpoint citation to *Ortega* redirects to *Cascadia Wildlands v. Woodruff*, 151 F. Supp. 3d 1153 (W.D. Wash. 2015). Further, there is no "Ortega v. Royer Corp." that has been litigated in D.N.M. Fourth, the *Chavez* case is also nonexistent—instead, it redirects to *Camp Richardson Resort, Inc. v. Phila. Indemnity Ins. Co.*, 150 F. Supp. 3d 1186 (E.D. Cal. 2015). Fifth, the *Tatum* case is also fake—it is actually *United States v. Apperson*, 441 F.3d 1162 (10th Cir. 2006). And last but not least, there is no such *Chilson* case from the Tenth Circuit. That citation is actually *Flournoy v. City of Chicago*, 829 F.3d 869 (7th Cir. 2016).

## CONCLUSION

As it stands, the legal and factual matters asserted in Plaintiff's Complaint and Amended Complaint are totally devoid of any legal merit. The claims in Counts I–IV of the Amended Complaint (**Doc. 34**) remain insufficiently pled under Fed. R. Civ. P. 12(b)(6) and *Twombly/Iqbal*. Moreover, Plaintiff did not respond to the Defendants' Motion to Dismiss in accordance with D.N.M.LR-Civ. 7.4(a).

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (**Doc. 34**) is **GRANTED**. The Plaintiff's claims are hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE