UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SORCHÈ MORGAN,

    Plaintiff,

v.                                                        No. 23-cv-353-WPJ/JMR

COMMUNITY AGAINST VIOLENCE,
ANITA MEDINA, MALINDA WILLIAMS,
CELESTE TRUJILLO, and DEBBIE CISNEROS,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**STRIKING PLAINTIFF'S UNTIMELY MOTIONS**
**and**
**DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**
**and**
**ORDER TO SHOW CAUSE REGARDING FILING RESTRICTIONS**

    **THIS MATTER** comes before the Court upon the following motions filed by *pro se*[1] Plaintiff: (1) Notice of Defendants' Change of Address, filed February 8, 2024 (**Doc. 37**); (2) Response in Opposition of Second Motion to Dismiss, filed February 8, 2024 (**Doc. 38**); and (3) Motion for Reconsideration, filed February 8, 2024 (**Doc. 39**). Plaintiff's first two motions are **STRICKEN** as untimely. Plaintiff's Rule 59(e) Motion is **DENIED**. Finally, Ms. Morgan is ordered to **SHOW CAUSE** as to why she should not be designated as a restricted filer.

BACKGROUND

    Plaintiff Sorchè Morgan sued her former employer alleging various state and federal causes of action (**Doc. 1**). The Court issued a Memorandum Opinion and Order (**Doc. 32**) dismissing numerous claims—some with prejudice and some without. The Court also granted leave to file an

---

[1] Plaintiff is proceeding *pro se*, so the Court liberally construes her filings—but does not act as her advocate. *See Xingfei Luo v. Wang*, 71 F.4th 1289, 1291 n.1 (10th Cir. 2023) (citation omitted).

amended complaint (**Doc. 32 at 17**). After Plaintiff amended her complaint (**Doc. 33**), Defendants filed their second Motion to Dismiss (**Doc. 34**). Plaintiff did not respond until February 8, 2024—after the Court already dismissed Plaintiff's claims with prejudice and entered a final judgment (**Docs. 35 & 36**).

Following dismissal of the case, Plaintiff filed three additional pleadings. Two filings (**Docs. 38 & 39**) warrant substantive discussion, although none warrant relief.

## DISCUSSION

Plaintiff's onslaught of meritless filings continues (**Docs. 37–39**). The Court has no intention of allowing Plaintiff to continue her attempts to commandeer Court personnel and resources with her filings—so Plaintiff will be facing filing restrictions in the future should she persist in these vexatious litigation tactics. For the reasons below, Plaintiff's untimely filings are **STRICKEN** and her Rule 59(e) motion is **DENIED**.

**I. Newly Filed Motions**

The Court dismissed Plaintiff's lawsuit in its entirety—both on the merits and as a sanction for her conduct during litigation (**Docs. 32, 35, 36**).

Nevertheless, Ms. Morgan brings three new motions. First, she filed a "Notice of Change of Address." **Doc. 37**. Although the parties have a continuing duty to notify the Clerk of changes in address, notification by a *pro se* Plaintiff about an unconfirmed change of address by Defendants' counsel is nonjusticiable. *See* D.N.M.LR-Civ. 83.6. No further discussion is warranted. Plaintiff's Notice motion is **STRICKEN**.

Next, Ms. Morgan filed her Response (**Doc. 38**) to Defendant's second motion to dismiss (**Doc. 34**). This response was six weeks late. Third, and finally, Plaintiff filed a motion for reconsideration under Rule 59(e)

**A. Plaintiff's Delinquent Response**

Plaintiff's Response (**Doc. 38**) to Defendants' Second Motion to Dismiss (**Doc. 34**) was filed over six weeks late. Pursuant to the Local Rules, Plaintiff's non-response constituted consent to dismiss her claims. D.N.M.LR-Civ. 7.1(b), 7.4(a). Plaintiff even admits to "her inability to respond promptly." **Doc. 38 at 2**. The Court is empathetic to the alleged circumstances in Ms. Morgan's life and understands the difficulties of proceeding *pro se*. As the Court repeatedly stated, parties who proceed *pro se* are afforded some latitude. *See* **Doc. 32 at 13; Doc. 35 at 5** (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). But even given this extra latitude, a *pro se* litigant must still file motions and comply with the Rules. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

While acknowledging that dismissal is a drastic sanction, the Tenth Circuit has "repeatedly upheld dismissals" when a party neglects their case or refuses to obey a court's orders. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (citing cases). Here, however, Plaintiff's untimely response was not the sole reason[2] the Court dismissed her case with prejudice (**Doc. 35**). *See Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988) (disfavoring dismissal with prejudice as a sanction); *Persik v. Manpower Inc.*, 85 F. App'x 127, 130 (10th Cir. 2003) (unpublished). In fact, the Court provided Ms. Morgan with an opportunity to amend her complaint. *See Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (explaining a *pro se* Plaintiff who is "close to stating a claim" should be allowed to amend the complaint). But her Amended Complaint (**Doc. 33**) failed to satisfy the *Iqbal*/*Twombly* pleading standard. As the Court explained, the Amended Complaint did not remotely approach pleading sufficient facts to demonstrate a plausible § 1981, Title VII, ADA, or

---

[2] As Defendants aptly state, "even if the response brief had been received on time, Plaintiff fails to grasp that her amended complaint still failed the pleading test." **Doc. 40 at 3**.

Rehabilitation Act claim (**Doc. 35 at 3–4**). As the Court's Memorandum Opinion and Order made clear, the case was dismissed on the merits. *Id.* **at 4**.

Plaintiff's proffer that she filed the Response on January 9, 2024, is unsupported by the filings (**Docs. 37 at 1; Doc. 38 at 7; Doc. 39 at 3**). The postage indicates the filings were mailed on February 7, 2024 (**Doc. 37 at 4; Doc. 38 at 8; Doc. 39 at 43**). And, despite the certification in the Response that the pleading was served on January 9, 2024 (**Doc. 38 at 7**)—the other two filings received on the same day list February 7, 2024, as the date of certification (**Docs. 37, 39**). Although the Court does not want to question the validity of her "unforeseen high-risk pregnancy that required hospitalization," Plaintiff provided no supporting documentation[3] (**Doc. 38**).

Courts may, in their discretion, allow untimely filings—so long as the party's actions constitute "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect hinges upon four factors: (1) the danger of prejudice to the non-moving party; (2) the length of delay and its impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). As this Circuit has explained, however, an inadequate explanation for delay itself is sufficient to reject a finding of excusable neglect. *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004). Whether Plaintiff was ignorant of the rules or mistaken in construing them—such actions do not usually constitute excusable neglect. *Id.* (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 392). Even for

---

[3] This Court is not alone in considering the lack of evidentiary support when assessing the "reason for delay" factor. *See Greenwood Expls., Ltd. v. Merit Gas & Oil Corp.*, 837 F.2d 423, 426 (10th Cir. 1988) (explaining Rules 59 and 60 require the movant to "plead and prove" excusable neglect); *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) ("The burden is upon the party moving to have the judgment set aside to plead and *prove* excusable neglect.") (emphasis in original); *Mayfield v. Morris*, No. 17-891, 2020 U.S. Dist. LEXIS 119650, at *7–8 (D.N.M. July 8, 2020) (same); *Dillon v. Dish Network, LLC*, No. 22-cv-557, 2023 U.S. Dist. LEXIS 135804, at *6 (D.N.M. Aug. 1, 2023) (explaining an "affidavit to support her factual claims" was included); *see also Shifers v. Arapahoe Motors, Inc.*, No. 17-cv-1753, 2018 U.S. Dist. LEXIS 212817, at *11 (D. Colo. Dec. 18, 2018) ("Plaintiff does not offer any evidence" in support of the reason for the delay); *Christensen v. Graco Fishing & Rental Tools, Inc.*, No. 20-cv-888, 2021 U.S. Dist. LEXIS 93431, at *8 (D. Utah May 14, 2021) (stating the Plaintiff "fail[ed] to provide any evidentiary support" for his assertion he was sick).

the *pro se* petitioner, "ignorance of the law . . . does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). In applying these factors to Ms. Morgan's case, the Court finds that none of the factors weigh in her favor.

First, the danger of prejudice to Defendants is high. *See* **Doc. 34 at 1** ("Defendants now face themselves, once again, in the untenable position of having to expend unnecessary time, energy and expense."); **Doc. 40 at 4** (stating that Defendants are not included to "spend further time, energy and money because the Plaintiff now humbly promises to 'do better' in Court"). Accepting Plaintiff's untimely filing—one that cites no law and instead functions as a once-again amended complaint—would certainly impose additional costs on Defendants. This factor weighs against Plaintiff.

Second, the length of delay is significant—especially so given that the Court waited an additional three weeks after the response deadline to file its Memorandum Opinion and Order. As the Court stated then, ruling on the merits is preferred; but "this is not a 'one day late' filing." **Doc. 35 at 5**. This case has been ongoing since April 2023, and the Court will not allow this frivolous litigation to continue any longer. This factor weighs against Plaintiff.

Third, the reason for delay also cuts against Plaintiff. Plaintiff has pled, but not proved, the reason for her delay. *See Pelican Prod. Corp.*, 893 F.2d at 1146 (requiring proof of excusable neglect). The Court would certainly have considered extending the filing deadlines had Plaintiff asked. D.N.M.LR-Civ. 7.4(a). Especially so given that medical problems or health[4] issues are typically an adequate justification for delayed filings. *See Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) ("A lawyer's medical problems or serious health challenges may be an adequate justification for delayed filings."). But Plaintiff did not ask for an extension. Instead, she

---

[4] Likewise, Defendants are "sincerely hopeful that Plaintiff and her family are well . . . . But that is not a sufficient legal basis to reopen this lawsuit." **Doc. 40 at 4**.

waited nearly two months after Defendants filed their Second Motion to Dismiss (**Doc. 34**) to file three motions (**Docs. 37, 38, 39**). Even if the Court "sympathize[d]" with Ms. Morgan, precedent must be followed—and the precedent requires *pro se* parties to comply with procedural rules. *See Livingston v. Univ. of Kan. Hosp. Auth.*, 844 F. App'x 82, 85 (10th Cir. 2021) (unpublished) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)). On balance, this factor weighs against Plaintiff.

Finally, the Court declines to find that Plaintiff acted in bad faith. At the same time, the Court does not find she acted in good faith. This factor is neutral.

Ms. Morgan failed to carry her burden in proving excusable neglect. *See Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011) (explaining the moving party bears the burden of demonstrating excusable neglect). Accordingly, Plaintiff's untimely Response is **STRICKEN**.

## B. "Motion for Reconsideration"

### 1. Merits of the Rule 59(e) motion

Here, Plaintiff asks the Court to "reconsider"[5] its previous Order (**Doc. 39 at 1**). A request for reconsideration may be construed as proceeding under either Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b). Ms. Morgan posits that "exceptional and compelling circumstances" exist that warrant the Court's reconsideration, namely: (1) her medical emergency and pregnancy, (2) her mental disabilities and learning disabilities, (3) contact from a third party, and (4) confirmation of a mailed response.

Unfortunately, Plaintiff's motion does not meet any of the criteria for such a drastic remedy under either Rule. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)

---

[5] The Federal Rules do not recognize a "motion to reconsider." *Spring Creek Expl. & Prod. Co. LLC v. Hess Bakken Invs. II, LLC*, 887 F.3d 1003, 1023 (10th Cir. 2018). "This case illustrates the dangers of filing a self-styled 'motion to reconsider.'" *Van Skiver*, 952 F.2d at 1243.

(setting forth the bases for relief); *cf.* Fed. R. Civ. P. 59(e), 60(b). Plaintiff overlooks the fact there is no intervening change in the controlling law, new evidence previously unavailable, or a need to correct clear error or prevent manifest injustice. *Id.* Instead, Plaintiff wants a third bite at the apple. But as the Tenth Circuit has repeatedly explained, parties cannot invoke Rule 59(e) or Rule 60(b) to relitigate old matters or to raise arguments that could have been raised in earlier proceedings. *See Pueblo of Jemez v. United States*, 63 F.4th 881, 897 (10th Cir. 2023); *Nelson v. City of Albuquerque*, 921 F.3d 925, 930 (10th Cir. 2019); *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

Irrespective of whether the motion was filed under Rule 59(e) or 60(b), it lacks a legitimate legal basis all the same. Undoubtedly, Ms. Morgan is unhappy with the Court's rulings and apparently is under the misguided impression that if she asks for the same thing enough times, the Court will do as she pleases. The Court has admonished Ms. Morgan about her refusal to adhere to the Court's rules (**Doc. 32 at 17**). She steadfastly refused to do so (**Doc. 35 at 1–2, 7**). And, unsurprisingly at this point, she refuses yet again.

The Court now addresses, and promptly rejects, each of her alleged bases seeking relief from the final judgment (**Doc. 39 at 2–3**).

First, Plaintiff alleges her medical emergency and pregnancy constitute "exceptional circumstances" that provide a sufficient reason for relief. But Ms. Morgan does not identify any of Rule 59(e)'s or 60(b)'s grounds[6] for relief. She alleges no legal changes, new evidence, clear error, or manifest injustice from the ruling that warrants reconsideration. *Callahan v. Commc'n*

---

[6] A party may seek relief from a final judgment for one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. *See United States v. Buck*, 281 F.3d 1336, 1340 n.1 (10th Cir. 2002) (citing Fed. R. Civ. P. 60(b)); *see also Sindar v. Garden*, 284 F. App'x 591, 594 (10th Cir. 2008) (unpublished).

*Graphics, Inc.*, 657 F. App'x 739, 745 (10th Cir. 2016) (unpublished) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). On this basis, her motion is denied.

Next, Plaintiff alleges her mental disabilities and learning disabilities constitute "exceptional circumstances." Once again, Ms. Morgan does not identify any grounds for relief. Her motion is denied on this ground as well.

Plaintiff alleges contact from a third party as her third basis for relief (**Doc. 39 at 2–3**). Construing her pleading liberally, the Court interprets this as alleging "newly discovered evidence." This is, at first blush, a contemplated ground for relief under Rule 59(e) or 60(b). But the analysis does not stop there. Plaintiff states that between November 11, 2023–December 16, 2023, she was contacted[7] by "current and former employees" at CAV (**Doc. 39 at 2**). Plaintiff filed her Amended Complaint (**Doc. 33**) on November 22, 2023. Accordingly, to the extent the newly attached correspondence is "newly discovered evidence," it fails to satisfy the Rule 60(b)[8] criteria. *See FDIC v. Arciero*, 741 F.3d 1111, 1117 (10th Cir. 2013). An email alleging "awful treatment" at CAV, **Doc. 39 at 13**, is not "of such a nature as would probably produce a different result." *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1213 (10th Cir. 2012). This evidence is simply another "conclusory statement" that a court must "disregard" while conducting Rule 12(b)(6) analysis. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). Plaintiff's motion is, therefore, denied on this ground.

Finally, Plaintiff alleges she "attached a copy of the tracking receipt" that confirms she mailed her Response on January 9, 2024 (**Doc. 39 at 3**). A tracking receipt is nowhere to be found

---

[7] The exchange between Plaintiff and "Sarah Jeantette" is included in the filing. **Doc. 39 at 13**.
[8] The Tenth Circuit has held that relief under Rule 60(b)(2) is available if: (1) the evidence was newly discovered; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence was not merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) the newly discovered evidence would probably produce a different result. *See Dronsejko v. Thorton*, 632 F.3d 658, 670 (10th Cir. 2011).

in the forty-three pages of Plaintiff's motion. And, once again, attaching a receipt is not a specific ground for relief under either Rule 59(e) or Rule 60(b). Because Plaintiff is *pro se*, the Court attempted to fit the imaginary receipt into either "excusable neglect" or "any other reason." Fed. R. Civ. P. 60(b)(1), (6). However, for the reasons mentioned *supra* ¶ I.A., excusable neglect is inapplicable here. This argument would require the Court to find that failing to respond to a motion to dismiss is an automatic basis for relief under a post-judgment Rule 60 motion. *See Cashner v. Freedom Stores*, 98 F.3d 572, 577 (10th Cir. 1996) (holding that Rule 60(b)(1) does not allow a party to merely "reargue an issue"). If this was the law, litigation would never end. *See Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995) (Posner, J.) ("It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless."). In this circuit, when a party seeks relief based upon a failure to comply with procedural requirements, the courts impose an additional requirement of a "meritorious" claim. *See Otoe Cnty. Nat'l Bank v. W&P Trucking*, 754 F.2d 881, 883 (10th Cir. 1985) (citing *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1445 (10th Cir. 1983)). But here, Plaintiff's case was dismissed because it had no legal merit and because she failed to respond (**Doc. 35**). Accordingly, her motion is denied.

**2. Request to amend complaint**

Ms. Morgan explains that she is "prepared to amend her complaint . . . should the Court grant reconsideration." **Doc. 39 at 4**.

A party has the right to amend a pleading once but must seek leave of the court for subsequent amendments. Fed. R. Civ. P. 15(a). Here, the Plaintiff challenges the dismissal—and signals her acquiescence to amend. But the Tenth Circuit has held a request "like this is inadequate

9

to preserve a request for leave to amend." *Meitav Dash Provident Funds & Pension Ltd. v. Spirit AeorSystems Holdings, Inc.*, 79 F.4th 1209, 1230–31 (10th Cir. 2023) (citing *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1185 (10th Cir. 1999)). This bare request—wherein Plaintiff asserts she is "prepared to amend"—does not rise to the status of a motion and does not properly put the issue before this Court. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir. 2021) ("Our precedent . . . requires that to amend a pleading after the dismissal of a case, a party must first move to reopen the case under Federal Rule of Civil Procedure 59(e) or 60(b) and then move for leave to amend under Rule 15 in accordance with the Rule 7 standard.").

## II. Imposition of Filing Restrictions

Having denied Plaintiff's "Motion for Reconsideration" (**Doc. 39**), this Court no longer has jurisdiction over this case.

Plaintiff's recent motions are a continued abuse of the judicial process. *See Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1991). And a court need not stand by and allow a litigant to abuse the court system by harassing their opponents. *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (per curiam); *see also* 28 U.S.C. § 1651(a). Here, Ms. Morgan's litigiousness is not the sole factor supporting the filing restrictions. *Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013). Meritless complaints, citations to hallucinated[9] cases, a failure to adhere to filing deadlines, and a violation of the local rules[10] support the proposed filing restrictions. *See McMurray v. McCelmoore*, 445 F. App'x 43, 45 (10th Cir. 2011) (unpublished).

---

[9] As the Court's previous Memoranda Opinions and Orders (**Doc. 32 at 11, 14–15; Doc 35 at 5**) explained, Plaintiff cited to fake cases in various pleadings.

[10] In Plaintiff's request for reconsideration, she included thirty pages of unmarked exhibits. *See* D.N.M.LR-Civ 10.6. Additionally, Plaintiff's motion violates D.N.M.LR-Civ. 7.3(a) which requires a motion to "cite authority in support of the legal positions advanced." Aside from a passing reference to Rules 59(e) and 60(b), Plaintiff cites no authority.

The Court has considered several factors in support of the imposing filing restrictions, namely: (1) the litigant's history of litigation; (2) the litigant's lack of an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expenses to the opposing parties—as well as unnecessarily burdened the Court; and (5) whether other sanctions would be adequate to protect the courts and other parties. *United States v. Kettler*, 934 F.2d 326 (unpublished table decision), 1991 U.S. App. LEXIS 12001, at *16–17 (10th Cir. 1991) (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

These factors overwhelmingly favor filing restrictions. First, Plaintiff's lawsuit was dismissed (twice). And the Court just denied her Rule 60(b) motion. The case is over—and no future filings are needed unless she appeals. Second, it is unlikely Plaintiff possesses an objective good faith expectation of prevailing on the claims asserted when this Court has dismissed those exact claims on two previous occasions. Third, Plaintiff is proceeding *pro se*. Fourth, Plaintiff's lawsuit has imposed a burden on the Court and costs to Defendants in defending this frivolous action. And, finally, dismissing the claims does not act as a sufficient deterrent because the Court already dismissed the claims, but Plaintiff filed three motions after the entry of judgment.

On October 23, 2023, this Court admonished Ms. Morgan and informed her that sanctions, including the imposition of "filing restrictions," may be imposed (**Doc. 32 at 15**). Nevertheless, Ms. Morgan continues to disregard "this Court's local rules, the Court's Guide for *Pro Se* Litigants, and the Federal Rules of Civil Procedure." *Id*. Put simply, Plaintiff is not entitled to inundate the docket in this closed case with meritless filings. The Court is not required to allow it to continue; and the Court will not allow it to continue. *See Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) ("The right of access to the courts is neither absolute nor unconditional.").

Subject to the Court's order below regarding Ms. Morgan's opportunity to file a written objection, the Court proposes[11] enjoining her from future filings unless she is represented by an attorney or gets permission from the Court.

Below, the Court orders Ms. Morgan to show cause within fourteen (14) days of entry of this Memorandum Opinion and Order why she should not be prohibited from submitting any new civil filings against Defendant CAV and the individually named employees without the representation of a licensed attorney who is admitted to practice before this Court. Additionally, to continue proceeding *pro se*, Ms. Morgan must obtain permission from the Court by taking the following steps:

1. File with the clerk of this court a motion requesting leave to file a *pro se* proceeding.

2. Include in the motion requesting leave to file a *pro se* action the following information: A statement of the legal issues to be raised in the proposed new pleading and whether she has raised the same issues in other proceedings in the District of New Mexico. If so, she must cite the case number and docket number where the legal issues previously have been raised.

3. Attach the proposed new pleading to be filed *pro se*.

## CONCLUSION

For the reasons detailed above, the Court hereby **ORDERS** that:

- Plaintiff's Notice of Defendants' Change of Address (**Doc. 37**) and her Response in Opposition of Second Motion to Dismiss (**Doc. 38**) are hereby **STRICKEN**.

- Plaintiff's Motion for Reconsideration (**Doc. 39**) is **DENIED**.

---

[11] If the Court imposes filing restrictions, the proposed language of the Order effectuating the injunction will be as follows: **THE CLERK OF COURT SHALL NOT ACCEPT ANY FURTHER MOTIONS, LETTERS, OR MISCELLANEOUS FILINGS FROM MS. SORCHÈ MORGAN IN THIS CASE, OTHER THAN THOSE NECESSARY FOR APPEAL. THIS CASE IS CLOSED.**

- Plaintiff is ordered to **SHOW CAUSE** within fourteen (14) days after entry of this Memorandum Opinion and Oder why the Court should not enter the proposed injunction prohibiting new filings without representation by a licensed attorney admitted to practice in the U.S. District Court for the District of New Mexico. Absent a timely response to this order to show cause, the injunction will enter twenty-one days from the date of this order and will apply to any matter filed after that time. If Ms. Morgan files a timely response, the proposed filing restrictions will not enter unless the Court so orders—after considering the response and ruling on her objections thereto.

**IT IS SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE